IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ACM-Texas, LLC, | § § | Case No. 08-70200-RBK |
| Debtor. | § § | Chapter 11 |
| | § | |
| TEXAS ARCHITECTURAL AGGREGATE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary Number 08-07012-rbk |
| ACM-TEXAS, LLC and APPLIED CHEMICAL MAGNESIAS CORPORATION and MR. AND MRS. ROBERT A. McCRELESS, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO REMAND

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

Comes now, TEXAS ARCHITECTURAL AGGREGATE, INC. (hereinafter referred to as "TAA" or "Plaintiff"), a creditor in this bankruptcy matter, and the Plaintiff in this adversary proceeding, by and through one of its attorney of record Corey W. Haugland, and files this its Brief in Opposition to Remand, and in support thereof would show the Court the following:

### I. BACKGROUND

1.  Plaintiff asks the Court to take judicial notice of its file in this matter pursuant the Federal Rule of Evidence 201.

2.  On or about October 10, 2008, ACM-TEXAS, LLC filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code.

3. On or about December 17, 2008, the Court entered its Order Granting Motion to Convert Case Under Chapter 11 to Case Under Chapter 7. J. Marshall Miller has been appointed the Chapter 7 Trustee for the bankruptcy estate.

4. In April of 1999, a letter was negotiated and executed by representatives of TAA and Applied Chemical Magnesias Corp.(sometimes referred to hereinafter as "ACMC) concerning proposed operation of certain mineral deposits in West Texas. The 1999 letter provided for progressive steps in order for Applied Chemical Magnesias Corp. to be authorized to mine ore from land and mineral deposits controlled by TAA. ACM-Texas, LLC has attempted and has mined ore from the leasehold estate which is the subject of the 1999 letter. TAA contends that neither Applied Chemical Magnesias Corp. nor ACM-Texas, LLC have the right to mine the property at issue. Further, millions of dollars of ore have been mined without payment of royalties to the State of Texas. ACM-Texas, LLC has created an enormous liability for TAA without regard to any payment whatsoever to TAA. There have been current mining operations ongoing at the leasehold estate post-petition, without any provision being made for payment of royalties to the State of Texas and without payment of any rents or royalties to TAA. All actions have been taken by the Debtor without it having any legitimate contract rights or property rights which would enable it to continue its mining operations on TAA's property.

5. On or about December 20, 2005, Plaintiff filed its Original Petition against Defendants seeking damages for conversion, breach of contract or lack of contract, fraud, money had and received, trespass, tortious interference with a contract, for an accounting, and for a declaratory judgment in the 205th District Court for Culberson County, Texas (the "Action").

6. ACM-Texas, LLC, the Debtor and one of the Defendants in the state court lawsuit, has filed a counterclaim against TAA. The Chapter 7 Schedules filed by the Debtor on January 5, 2009 list

said counterclaim as a potential asset of the estate for "unknown damages".

7. The Debtor, ACM-Texas, LLC, has scheduled the following as an executory contract and unexpired lease under Schedule G: "Texas Architectural Aggregate, Inc. Lease Agreement – Contract to be Assumed". Previously, on or about October 28, 2008, the Debtor filed its Statement Pursuant to 11 U.S.C. § 1116, which included a copy of the Debtor's "most recent income statement/statement of operations, balance sheet and its 2007 income tax return." The Preliminary Balance Sheet as of June 30, 2008 listed "W TX - Mineral Rights for $5,010.00" and "1610-SEC 704(c) Mineral Rights for $19,994,990.00" as the principal asset of the Debtor. Specifically, said assets constituted 96% of all assets owned by the Debtor.

8. Another Defendant to the adversary proceeding is Applied Chemical Magnesias Corporation (hereinafter "ACMC"), a Colorado Corporation. ACMC is the managing member of ACM-Texas, LLC. ACMC has also asserted unliquidated counterclaims against TAA in the state court lawsuit. It is unclear whether said counterclaims truly belong to ACMC or ACM-Texas, LLC.

9. On or about December 17, 2008, this Court entered an Order Setting Status Hearing, wherein the Court ordered the parties to appear before the Court on January 13, 2009, and show cause why this proceeding should not be remanded to state court.

10. Plaintiff now files this Brief in Opposition to Remand in response to the Court's December 17, 2008 Order Setting Status Hearing.

## II. ARGUMENT & AUTHORITIES

### *REMAND IN GENERAL*

11. In general, remand of a case from bankruptcy court back to state court will be effected either

through mandatory or permissive abstention pursuant to 28 U.S.C. §1334, or the provision of equitable remand provided for in 11 U.S.C. §1452.

> Notwithstanding this Court's subject matter jurisdiction, § 1334 provides for both mandatory and discretionary abstention in the face of a case which is removed to federal court but which remains founded in state law. Further, 28 U.S.C. § 1452(b) permits a federal district court to remand a claim related to a bankruptcy case which has been removed to federal jurisdiction on any equitable ground.

*Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D.Tex. 2001). Thus, remand of a case can be effected either by mandatory abstention, permissive abstention, or equitable remand. Plaintiff will address each of these grounds in turn.

### *MANDATORY ABSTENTION*

12. Mandatory abstention is required:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2). "[M]andatory abstention is required in cases involving state-law claims for which the sole basis of bankruptcy jurisdiction is "related to" jurisdiction, even for cases which have been removed to federal court." *Broyles*, 266 B.R. at 782 (*citing In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir.1999), *cert. denied*, 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999); *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575 (S.D.Miss.2001)). "Mandatory abstention applies only to non-core proceedings "related to a case under title 11," but not "arising under title 11" or "arising in a case under title 11." *Id*

*(citing In re Gober*, 100 F.3d 1195, 1206 (5th Cir.1996). In summary, "the following conditions must be met to invoke mandatory abstention:

1. A motion has been timely filed requesting abstention;
2. The cause of action is essentially one that is premised on state law;
3. The proceeding is non-core or related to the bankruptcy case;
4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and
5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*Id* at 778-79 (*citing Thomas*, 259 B.R. at 576; *In re McCray*, 209 B.R. 410, 414 (Bankr.N.D.Miss.1997)).

13. In this case, mandatory abstention is **not** proper because: (1) no motion has been filed requesting abstention and (2) this action is a core proceeding. First, no party to this cause of action has filed a motion requesting that the Court abstain from hearing this matter, therefore the first requirement of mandatory abstention has not been met.

14. Second, this action is a core proceeding because it involves a determination of whether or not the Debtor has a property interest in mineral assets which it has valued at $20 million on its most recent balance sheet and whether or not there is any executory contract interest still available to the Debtor, both proper issues for determination under 28 U.S.C. §157(b)(2)(N). In addition to the $20 million of mineral interest rights which have previously been claimed by the Debtor, TAA has asserted damage claims against the Debtor and ACMC which exceed $10 million.

15. This action is also a core proceeding because it affects the adjustment of the debtor-creditor relationship. As stated above, TAA has asserted claims against the Debtor and ACMC in an amount in excess of $10 million. The Debtor has scheduled counterclaims of an unspecified

dollar amount in its recently filed bankruptcy schedules. Thus, the outcome of this case will affect the debtor-creditor relationship in the amount of at least $10 million.

16. Thus, because no motion has been timely filed requesting abstention and because this is a core proceeding, the conditions necessary to invoke mandatory abstention have not been met and abstention on that basis is improper.

### *DISCRETIONARY ABSTENTION/EQUITABLE REMAND*

17. Discretionary abstention in bankruptcy proceedings is provided for as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to cases under title 11.

See 28 U.S.C. § 1334(c)(1). "Therefore, under the discretionary or permissive abstention doctrine, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." *Broyles*, 266 B.R. 778 (citing *Gober*, 100 F.3d at 1206). "A federal district court may abstain at its discretion from deciding core or non-core proceedings under § 1334(c)(1) if such interests so require." *Id.*

18. Similarly, a federal court may equitably remand claims related to bankruptcy cases:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b). "Therefore, a federal district court or bankruptcy court may find that

remand is appropriate in a case removed on bankruptcy grounds whether it is 'core' or 'non-core' if there is any equitable ground for doing so." *Id.* (*citing Chickaway v. Bank One Dayton, N.A.*, 261 B.R. 646, 650 (S.D.Miss.2001)). "Because the discretionary abstention and equitable remand doctrines are similar, there is an overlap between the two regarding factors for a court to consider. These include:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action."

*Id* (citing *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss.1993); *Chickaway*, 261 B.R. at

651-52; *Thomas*, 259 B.R. at 578-79). Here, an examination of the factors dictate keeping the action in the bankruptcy court.

### Remand Will Not Result in the Efficient Administration of this Case

19. First, the efficient administration of the estate will be negatively impacted if the Court recommends remand or abstention. The state court lawsuit is current off docket. Therefore, it will take several weeks, if not months to get a scheduling order in place and to get the case set for trial. Furthermore, any issues concerning the Debtor's interest in the mineral estate described in its most recent balance sheet necessitate a prompt judicial decision by a trier of fact. Whether or not the Debtor has assets which should be administered by the Chapter 7 Trustee is core proceeding that can be promptly administered in the U.S. Bankruptcy Court. The delay caused by having this matter remanded to Culberson County for trial would only serve to prevent the efficient and orderly liquidation of the Debtor's assets. This is especially true in this case, where the Chapter 7 Trustee would have to come to the Court in order to sell any mineral estate belonging to the Debtor, under any set of circumstances. This matter will return to this Court no matter what the result in Culberson County.

20. Secondly, the efficient administration of this case would be compromised by remand because of the possibility of inconsistent decisions. Whether or not ACM-Texas, LLC has any mineral rights rests entirely on the existence of a legitimate contract. The Adversary Proceeding against ACM-Texas, LLC and ACMC seeks a determination of whether or not the April 1999 letter agreement under which the Defendants purport to claim rights was a valid and enforceable contract. Whether ACM-Texas, LLC had any rights as an assignee from ACMC

is likewise ripe for determination by the U.S. Bankruptcy Court due to the assumption requirements imposed by 11 U.S.C. § 365. If this Court remands this case to the Burnet County, it is entirely possible that the state court and the bankruptcy court will reach different and inconsistent conclusions about the validity of the April 1999 letter agreement and purported assignment by ACMC to ACM-Texas, LLC. Such a result would only keep this matter in a continuing state of litigation.

21. Thirdly, remand to Culberson County would unfairly tax the bankruptcy estate of the Debtor. Requiring the Chapter 7 Trustee, J. Marshall Miller, to defend the bankruptcy estate in the Culberson County District Court, where a party cannot appear by video and cannot even check the court's docket online, would tax an entity which already has little remaining assets.

## This Case Does Not Involve Difficult or Unsettled Applicable Law

22. Remand is not appropriate in this case because the issues presented by TAA's petition and BY ACM-Texas, LLC's and ACMC's counterclaims do not involve difficult or unsettled issues of law. TAA only asks the court to determine whether or not a valid enforceable contract was created by the 1999 letter agreement and whether or not any rights created by that letter agreement were assigned by ACMC to ACM-Texas, LLC. The damages issues raised by the parties likewise do not involve any difficult or unsettled law. On the other hand, trial of this case in state court would present that court with the obligation to make decisions involving ACM-Texas, LLC based upon United States Bankruptcy Code, which is clearly not within the state court's jurisdiction.

## The Related Proceeding in State Court or Other Non-bankruptcy Forum

23. This adversary involves a lawsuit which was originally filed in state court, as disclosed in the

Background facts portion of this Brief. However, as previously discussed, the rights asserted by and the claims asserted against ACM-Texas, LLC necessarily require an analysis under the United States Bankruptcy Code. Therefore, remand of this matter while the other Adversary Proceeding is pending in this Court could lead to inconsistent results.

### Diversity Jurisdiction Exists Under 28 U.S.C. § 1332(a), in Addition to Jurisdiction Under 28 U.S.C. § 1334

24. The case removed from Culberson County could have been originally filed in U.S. District Court because there is and was diversity jurisdiction and the amount in controversy was sufficient to maintain the case in federal court. The party allegations of the original petition in the Culberson County suit now removed to this Court reflect the parties as well as the damages, which were alleged in excess of $10 million. Further, the Debtor is currently a Defendant in a case pending in U.S. District Court in the Western District of Texas, El Paso Division styled TC USA, Inc. d/b/a Tennant Chemicals USA, Inc. v. ACM-Texas, LLC and Robert McCreless, Civil Case Number EP-08-CA-0132. ACM-Texas, LLC is a Colorado Limited Liability Company. Its principal place of business is located in Colorado. The Articles of Organization of ACM-Texas, LLC show that its initial (and managing) member is Applied Chemical Magnesias Corporation, a Colorado corporation. Because of the complete diversity of the parties and the amount in dispute, diversity jurisdiction exists for this case under 28 U.S.C. § 1332. This factor weighs in favor of the Bankruptcy Court maintaining jurisdiction over the removed lawsuit.

### This Matter Is Closely Related to the Main Bankruptcy Case and the Matter Is a Core Proceeding in Substance

25. Remand is not appropriate because this matter is directly related to the main asset in the bankruptcy case, the mineral rights, if any, which are property of the estate. To make this

determination, the Court will have to analyze 11 U.S.C. § 365 to determine the contract rights, if any, that the Debtor has in the mineral assets which are the subject of the 1999 letter agreement. Further, given the more than $10 million of claims asserted by TAA against ACM-Texas, LLC and ACMC, a determination of the liability of the Debtor and the division of responsibility for those damages with ACMC is critical to determining what distribution, if any, will be made to other creditors in the estate. Although the Debtor has scheduled $3 million of claims in its most recently filed bankruptcy schedules, the magnitude of TAA's claim dwarfs the other claims in the estate. The existence or non-existence of mineral rights will determine whether or nor a significant distribution is made on the creditors' claims or if a de minimus distribution will be made on those claims. Therefore, the core proceedings described in this litigation are closely related to the main bankruptcy case.

### This Matter Is a Core Proceeding in Substance

26. This is a core proceeding in substance because it involves the determination of whether or not the Debtor has a mineral estate pursuant to April 1999 letter agreement or any assignation of rights thereunder by ACMC. A determination of whether or not there are any mineral rights under 11 U.S.C. § 541 is also conditioned on an analysis of 11 U.S.C. § 365, because the Debtor's rights may exist only if as continuing contract rights that have not already been terminated as a matter of law under the U.S. Bankruptcy Code. Further, TAA's claim and whether or not it will be allowed under 11 U.S.C. § 502 will be a key determining factor in whether or not the Chapter 7 Trustee will be able to make any significant distribution on the other claims of creditors.

### Retention of this Matter Will Not Burden of the Bankruptcy Court's Docket

27. Remand is not appropriate because this matter will not burden the Bankruptcy Court's docket.

Upon information and belief, the Court has no pending complex Chapter 11 cases on its docket at this time. There are not an unusual number of bankruptcy cases pending on the docket at this time. Further, most if not all discovery in the case has been completed, and this matter is ready to be set for trial, after allowing the parties some time to pare down the issues by utilization of motions for summary judgment.

### The Removal of this Proceeding to Bankruptcy Court Does not Involve Forum Shopping

28. There is no forum shopping involved in this matter because this matter must ultimately be resolved in bankruptcy court for the reasons stated above. The Debtor chose to file its Voluntary Petition in the U.S. Bankruptcy Court for the western District of Texas, Midland Division. Because TAA believes that litigation in this Court will be more expeditious and more economical, TAA removed the state court lawsuit to this court and consents to the entry of a final judgment by this Court. Bankruptcy issues affect the rights, if any, of ACM-Texas, LLC. Further, this case cannot proceed to Final trial without the joinder of all parties, which necessitates the involvement of the Chapter 7 Trustee. Assuming arguendo that the Debtor has continuing rights in the minerals located in Culberson County, the Chapter 7 Trustee would have to utilize 11 U.S.C. § 363 in order to sell same. Thus, even if this case were remanded, it would only return to this Court at a later date, regardless of the outcome in Culberson County at the insistence of the Chapter 7 Trustee if no one else.

### No Jury Trial Fee Has Been Paid in this Matter and Plaintiff Waives Its Right to a Jury Trial

29. Remand is not appropriate in this matter because trial by jury is waived by Plaintiff. Plaintiff agrees to the entry of a final judgment by the U.S. Bankruptcy Court. Further, it is unclear whether or not Defendants have requested a jury trial; but, Defendants have not paid a jury

fee mandating a jury trial in state court. No party had paid a jury fee in a timely fashion which would have required a jury trial when this case came up for trial in September, 2008.

### Comity with the State of Texas Will Be Maintained

30. The maintenance of this adversary proceeding in this Court will not conflict with administration of the affairs of the State of Texas. This case does not involve any attempt to apply the laws of the State of Texas inconsistently with how a state court would apply them. This court is not being asked to do anything other than recognize and respect the laws of the State of Texas and apply them accordingly. Thus, comity with the State of Texas will not be negatively impacted by retaining this case in the bankruptcy court.

### III. CONCLUSION

31. In this case, the relevant factors dictate that neither mandatory abstention, discretionary abstention nor equitable remand are proper and the Court should retain this adversary proceeding on its docket.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200

Attorney for TEXAS ARCHITECTURAL AGGREGATE

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on this 5th day of January, 2009, a true and correct copy of the above and foregoing was mailed to:

Alvaro Martinez, Jr.
1703 N. Big Spring
Midland, TX 79701

G. Michael Stewart
Phillip Cannatti
Godwin Pappas Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

C.R. "Kit" Bramblett
P.O. Box 221528
El Paso, Texas 79913-1528

Samuel D. McDaniel
400 W. 15th, Suite 710
Austin, Texas 78701

J. Marshall Miller
Chapter 7 Trustee
2731A-1 Montana Avenue
El Paso, Texas 79903-3799

_____
Corey W. Haugland