IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ACM-Texas, LLC, | § | Case No. 08-70200-RBK |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| TEXAS ARCHITECTURAL | § | |
| AGGREGATE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Number 08-07012-rbk |
| | § | |
| ACM-TEXAS, LLC and APPLIED | § | |
| CHEMICAL MAGNESIAS | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION DUCES TECUM OF THE DESIGNATED CORPORATE REPRESENTATIVE OF ACM-TEXAS, LLC

TO THE HONORABLE CRAIG A. GARGOTTA, U.S. BANKRUPTCY JUDGE:

Comes now, TEXAS ARCHITECTURAL AGGREGATE, INC., Plaintiff herein, and files this its Response to Defendants' Opposed Motion to Quash Plaintiff's Notice of Deposition Duces Tecum of the Designated Corporate Representative of ACM-Texas, LLC., and in support would show the Court the following:

1.     TEXAS Architectural Aggregate, Inc. (hereinafter, "TAA") agrees that it is the Plaintiff in this adversary.  TAA likewise agrees that ACM-Texas, LLC (hereinafter, "ACM") and Applied Chemical Magnesias Corporation (hereinafter, "ACMC") are Defendants. However, Mr. and Mrs. Robert A. McCreless have not been joined in this lawsuit and are not

Defendants in the adversary.

2.      TAA admits the allegations contained in paragraph 2. of the Motion.

3.      TAA admits that it served a Notice of Deposition for the corporate representative of ACM-Texas, LLC. on January 30, 2009, seeking to take the deposition duces tecum of the designated corporate representative of ACM. TAA denies that a second Notice of Deposition for the for the corporate representative of ACM was sent in this adversary proceeding. Rather, as illustrated by the document attached to Defendants' Motion reflects, TAA served a Notice of Intent to Conduct Rule 2004 Examination Duces Tecum of the Designated Corporate Representative of ACM on the Debtor, care of Alvaro Martinez, Jr., its initial attorney of record, and care of R.A. McCreless, CEO of ACM-Texas, LLC, President of ACMC, Managing Member, with a courtesy copy provided to ACMC, by and through its attorney of record, G. Michael Stewart. Said Notice of 2004 Examination is not a Notice of Deposition in this adversary proceeding. Neither the adversary rules nor the Federal Rules of Civil Procedure cited by counsel for ACMC are applicable to said Notice of 2004 Examination.

4.      TAA agrees that there are no stipulations in writing; however, TAA denies that either of these requests for examination constitutes an additional deposition. Obviously, G. Michael Stewart wants to have a discovery hearing in front of this honorable Court, because he is not capable of scheduling a deposition without Court assistance. A copy of the transmittal letter sent with the Notice of Deposition and the Notice of 2004 Examination dated January 30, 2009 is attached hereto as Exhibit "1". As reflected in the letter, the primary purpose for the transmittal was to provide notice of the 2004 Examination Duces Tecum. The scheduling of the 2004 Examination was in conformity with requests provided by the Chapter 7 Trustee

and his counsel, that the 2004 Examination take place at or near the time of the First Meeting of Creditors, to accommodate the travel schedules of both the Debtor and the Chapter 7 Trustee.

5.      In response to the Notices, G. Michael Stewart sent the two FAX letters attached hereto as Exhibits "2" and "3". The first FAX letter recognizes that the 2004 bankruptcy deposition can be used in our proceedings subject to standard trial evidentiary rulings of the Court regarding the appropriateness of particular questions. The second letter is addressed specifically to the Notice of Deposition, and Exhibit "3" states that Mr. Stewart is unavailable for a deposition on February 16, 2009 but that he will get back to me about his availability to do the deposition some other time in February or March. To date, G. Michael Stewart has not offered to produced the requested corporate representatives for deposition at any given time. The deposition in the adversary proceeding was scheduled as an accommodation for Robert A. McCreless and his counsel, since the 2004 Examination was being scheduled in compliance with the Chapter 7 Trustee's request. Rather, a specious objection to producing anyone for deposition has been lodged that is not factually accurate, and which is obviously going to necessitate a hearing.

6.      G. Michael Stewart filed his Motion to Quash Plaintiff's Notice of Deposition Duces Tecum for ACM-Texas, LLC, Applied Chemical Magnesias Corporation, and Mr. and Mrs. Robert A. McCreless on or about February 6, 2009. This response is filed thereto and requests that a hearing be set as expeditiously as possible on the Motion in order to get the requested documents produced and the witnesses produced, unless an agreement for production of the documents and production of the witnesses can be reached prior to the hearing being conducted by the Court.

7.  Although the Federal Rule cited by Defendants' counsel in paragraph 5 of the Motion is correct, the Plaintiff has not previously sought nor obtained the deposition of the designated corporate representative of ACM-Texas, LLC to discuss the topics contained in the Notice of Deposition. Specifically, Robert A. McCreless has not been deposed in this adversary, nor in the state court lawsuit pending in the 205th District Court of Culberson County under Cause Number 4564. Therefore, the argument posed by Defendants' counsel appears inapplicable.

8.  TAA denies the allegations contained in paragraph 6. of Defendants' Motion. Plaintiff did not seek leave of Court to take a 2004 Examination in the Chapter 7 bankruptcy, because the Federal Rules of Civil Procedure applicable in an adversary proceeding are not applicable in the Chapter 7 bankruptcy of the Debtor, ACM-Texas, LLC. Pursuant to Bankruptcy Rule 2004, documents can be sought for production and a deposition sought on fifteen days' notice. More than fifteen days' notice of the proposed 2004 Examination was provided to counsel for the Chapter 7 Debtor, Alvaro Martinez, Jr., to the Debtor, by and through Robert A. McCreless, with a courtesy copy to G. Michael Stewart, counsel for Applied Chemical Magnesias Corporation. G. Michael Stewart claims that he has not been authorized to represent ACM-Texas, LLC in the bankruptcy of ACM-Texas, LLC. Further, G. Michael Stewart has not sought approval of the Court to be engaged as special counsel for ACM-Texas, LLC in this pending adversary proceeding. As such, G. Michael Stewart cannot speak for ACM-Texas, LLC with regard to TAA's Notice of 2004 Examination served on the Debtor and the Debtor's counsel of record. If G. Michael Stewart wants to enter an appearance as counsel for the Debtor, that Notice of Appearance or Application to Be Employed needs to be served. However, Defendants' Motion to Quash Plaintiff's Notice of

Deposition Duces Tecum in this adversary proceeding does not speak to the Notice of 2004 Examination under the Bankruptcy Rule.

Since the documents sought by TAA's Notice of 2004 Examination were similar if not identical to the documents that TAA needs in order to complete its discovery in the adversary proceeding, the Notice of Deposition was sent as an accommodation to counsel for ACMC. Since the 2004 Examination should have taken place, regardless of G. Michael Stewart's participation, the Notices were provided to allow for Mr. Stewart to participate, if he felt that his presence was necessary to protect the interests of ACMC. Further, the relevance of the documents sought by TAA from ACM-Texas, LLC in the bankruptcy are clearly relevant to the bankruptcy. Defendant's counsel's assertions to the contrary, the relevance to the claims asserted in Adversary Number 08-07012 are not applicable to the 2004 Examination. Counsel's assertions that he has contacted the undersigned in an effort to reschedule the deposition are not true. Sending FAXes or e-mails without providing dates for a deposition is a smokescreen. Robert A. McCreless has failed to appear for two scheduled First Meeting of Creditors in the ACM-Texas, LLC Chapter 11 proceeding. Mr. McCreless has likewise failed to appear on February 17, 2009 for the First Meeting of Creditors scheduled in the Chapter 7 bankruptcy of ACM-Texas, LLC. Robert A. McCreless was specifically verbally ordered by Judge Ronald B. King to appear for the First Meeting of Creditors in the Chapter 7 bankruptcy. TAA contends that Mr. McCreless is failing and refusing to appear for his deposition or for a First Meeting of Creditors, because he cannot withstand examination under oath in the bankruptcy or this adversary proceeding. Inaccuracies, omissions, and outright lies are contained in many of the bankruptcy documents already filed to date by ACM-Texas, LLC, under the supervision of Robert A. McCreless. It is apparent that he will

not appear for a deposition or examination without a Court order. Likewise, ACM-Texas, LLC, under the control of Robert A. McCreless, will not produce any of the financial documents necessary to trace where the millions of dollars invested by innocent investors and the millions of dollars generated from the converted ore of TAA have been misspent, stolen, or squandered by Robert A. McCreless in the management of ACM-Texas, LLC.

9.    TAA admits that its request for documents contained in its Notice of Deposition does not comply with F.R.C.P. 34(b). However, TAA contends that its request for documents pursuant to its Notice of 2004 Examination complies with that Rule.

10.   TAA denies the allegations contained in paragraph 8. The undersigned counsel responded to G. Michael Stewart's letters, after advising Mr. Stewart that a consultation with co-counsel Sam McDaniel and Kit Bramblett was required first. On February 6, 2009, the undersigned counsel sent the attached FAX letter to G. Michael Stewart concerning and confirming the cancellation of the deposition scheduled in the adversary proceeding for February 16, 2009, at 1:00 p.m. See attached Exhibit "4". However, the undersigned counsel also pointed out to G. Michael Stewart that he has consistently refused to enter an appearance in the Chapter 7 bankruptcy on behalf of ACM-Texas, LLC. Furthermore, by means of the February 6, 2009 FAX letter, the undersigned counsel advised Mr. Stewart that the 2004 Examination scheduled for February 16, 2009 at 9:00 a.m., with document production to take place at 8:00 a.m. that same day, was going to continue to be on calendar. Further, the First Meeting of Creditors in the Chapter 7 bankruptcy was still scheduled to take place on February 17, 2009 at 10:00 a.m. G. Michael Stewart never responded to the February 6, 2008 letter. Subsequently, in an act of redundancy, Robert McCreless sent a FAX and first class mail letter to the undersigned counsel on February 10, 2009 advising that he would not be

attending the deposition scheduled for February 16, 2009. A copy of the letter is attached as Exhibit "5". Neither Mr. McCreless nor Mr. Stewart ever advised the undersigned counsel, the Chapter 7 Trustee, or the attorney for the Chapter 7 Trustee that no one would be appearing for the February 16, 2009 2004 Examination. In response to the February 10, 2009 letter of Robert McCreless, the undersigned counsel sent a February 10, 2009 FAX letter to G. Michael Stewart, a copy of which is attached as Exhibit "6". In the FAX letter, the undersigned counsel advised Mr. Stewart that since Alvaro Martinez, Jr. has been allowed to withdraw from the bankruptcy as the attorney for ACM-Texas, LLC, the undersigned does not have any other attorney available to contact concerning the examination of Mr. McCreless in his capacity as the Chief Executive Officer, Managing Member, or whatever other designation he may have with ACM-Texas, LLC. Further, the undersigned does not have contact information for Robert McCreless in order to schedule a 2004 Examination. The undersigned specifically inquired of Mr. Stewart, "Is it your contention that I need to deal directly with Mr. McCreless in order to schedule the 2004 Examination in the Chapter 7 bankruptcy of ACM-Texas, LLC?". Direct contact information for Robert McCreless was requested from G. Michael Stewart. G. Michael Stewart has not responded to counsel's February 10, 2009 letter.

11. ACM-Texas, LLC, acting under the management of Robert A. McCreless, has inflicted millions of dollars of damage on TAA. Millions of dollars invested in ACM-Texas, LLC have disappeared without adequate explanation. Robert A. McCreless is attempting to subvert the bankruptcy process and avoid disclosure of the assets and liabilities of ACM-Texas, LLC. G. Michael Stewart is attempting to facilitate the activities of Robert A. McCreless.

12.    TAA is entitled to complete discovery in this adversary proceeding.  TAA is entitled to

obtain the deposition of Robert A. McCreless and any other corporate representative

necessary in order to cover the topics addressed in the Notice of Deposition and the Notice

of 2004 Examination previously issued in the adversary and in the bankruptcy respectively.

Robert A. McCreless and the appropriate corporate representatives of ACM-Texas, LLC

need to be ordered to appear for a deposition.  TAA will seek production of the documents

in the Chapter 7 bankruptcy pursuant to its prior request for a 2004 Examination.

**WHEREFORE, PREMISES CONSIDERED**, Texas Architectural Aggregate, Inc. requests

that upon hearing, the Court order that Robert A. McCreless and all other necessary corporate

representatives of ACM-Texas, LLC appear for deposition at a time mutually convenient to all

counsel of record, or on the dates ordered by the Court absent such consent, and for such other and

further relief to which Texas Architectural Aggregate, Inc. may show itself to be justly entitled.

Respectfully submitted,

Samuel D. McDaniel
400 W. 15th, Suite 710
Austin, Texas 78701

C.R. "Kit" Bramblett
P.O. Box 221528
El Paso, Texas 79913-1528

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas  79949-1770
Phone:  915-532-3911
FAX:  (915) 541-6440

By:    _____
       Corey W. Haugland
       State Bar No.  09234200

Attorneys  for  TEXAS  ARCHITECTURAL
AGGREGATE, INC.

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on this 18th day of February, 2009, a true and correct copy of the above and foregoing Response to Defendants' Opposed Motion to Quash Plaintiff's Notice of Deposition Duces Tecum of the Designated Corporate Representative of ACM-Texas, LLC. was sent to:

G. Michael Stewart                          **VIA FAX #(214) 760-7332**
Godwin Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

Randall L. Rouse                            **VIA FAX #(432) 683-2587**
Lynch, Chappell & Alsup
300 North Marienfeld, Suite 700
Midland, Texas 79701

ACM-Texas, LLC                              **VIA FIRST CLASS MAIL**
c/o Robert McCreless
5231 Abbey Road
Fort Collins, CO 80526

James W. Rose, Jr.                          **VIA FAX #(210) 472-4649**
Trial Attorney
Office of U.S. Trustee
615 E. Houston, Suite 533
San Antonio, TX 78205

_____
Corey W. Haugland

# JAMES & HAUGLAND, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

WILEY F. JAMES III
COREY W. HAUGLAND
JAMIE T. WALL

609 MONTANA AVENUE
EL PASO, TEXAS 79902

MAILING ADDRESS:
P.O. BOX 1770
EL PASO, TEXAS 79949-1770

(915) 532-3911

FACSIMILE: (915) 541-6440

January 30, 2009

Alvaro Martinez, Jr.                          **VIA FAX # (432)570-0060**
1703 N. Big Spring
Midland, TX 79701

G. Michael Stewart                            **VIA FAX #(214) 760-7332**
Godwin Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

ACM-Texas, LLC                                **VIA FIRST CLASS MAIL**
c/o Robert McCreless
5231 Abbey Road
Fort Collins, CO 80526

RE:     ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas –
        Midland/Odessa Division
        Texas Architectural Aggregate, Inc. v. ACM-Texas, LLC, Applied Chemical Magnesias
        Corporation and Mr. and Mrs. Robert A. McCreless; Adversary Number 08-07012-RBK

Gentlemen:

        Included herewith, please find a copy of the Notice of 2004 Examination Duces Tecum which
I have filed this date in the above-referenced bankruptcy. In addition, included herewith is a Notice
of Deposition Duces Tecum of the Designated Corporate Representative of ACM-Texas, LLC which
requests a corporate representative to testify for ACM-Texas, LLC in the adversary proceeding.
Presumably, this will be the same person for both the 2004 Examination and the deposition (R.A.
McCreless?). Please confirm if more than one person or different people will be produced for the
examination and deposition.

        Please note that I have requested that the Debtor appear for examination on February 16,
2009 at 9:00 a.m. at Permian Court Reporters in Midland, Texas. Document production pursuant
to Bankruptcy Rule 2004 is scheduled to begin at 8:00 a.m. on February 16, 2009 at Permian Court
Reporters in Midland, Texas.



**EXHIBIT**

"1"

January 30, 2009
Page 2

The First Meeting of Creditors in the Chapter 7 Bankruptcy is scheduled in Midland, Texas for February 17, 2009 at 10:00 a.m. It is my understanding that there are multiple Chapter 7 bankruptcies set for First Meetings of Creditors on the same date and time. Therefore, Texas Architectural Aggregate, Inc. (and the Trustee) wants to start the examination of the Debtor the day before the scheduled First Meeting date and to continue same on February 17th in a fashion that will allow the examination to be completed, without getting hung up amid the other Chapter 7 bankruptcies set at the same time for First Meetings of Creditors.

The Trustee and his counsel have requested that the 2004 Examination be set for the 16th rather than the 17th of February, or any date thereafter. However, my client is free to conduct the Examination on February 16, 17, or 18, 2009. Please advise if you have any problem with the proposed 2004 Examination on February 16, 2009. If we need to re-schedule it to accommodate the Debtor or its counsel, we will be reasonable in accommodating such a request

If we need to discuss this matter, please call me.

Very truly yours,

JAMES & HAUGLAND, P.C.

By:_____
                Corey W. Haugland

CWH/jb

Attachments, Via FAX to Messrs. Martinez and Stewart
Enclosures, Via First Class Mail to ACM-Texas, LLC

cc:    Samuel McDaniel, Via E-Mail  (w/attachments)
       C.R. Kit Bramblett, Via E-Mail (w/attachments)
       Randy Rouse, Via E-Mail (w/attachments)
       J. Marshall Miller, Via E-Mail (w/attachments)
       Permian Court Reporters, Via FAX #(432) 683-5324 (w/attachments)



# GODWINRONQUILLO

A Professional Corporation

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

**GodwinRonquillo.com**

G. MICHAEL STEWART
DIRECT DIAL:    214.939.4465
DIRECT FAX:    214.527.3195
MSTEWART@GODWINRONQUILLO.COM

February 3, 2009

*__Via Facsimile (915) 541-6440__*
Corey Haugland
James & Haugland, P.C.
609 Montana Avenue
El Paso, Texas 79902

Re:   ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas, Midland/Odessa Division
Texas Architectural Aggregate, Inc. v. ACM-Texas, LLC, Applied Chemical Magnesias Corporation and Mr. and Mrs. Robert A. McCreless, Adversary Number 08-07012-RBK

Dear Corey

I just got your deposition letter and notices in my office today. I have sent an inquiry to Mr. McCreless about his bankruptcy counsel representation to respond to the deposition request and availability for the 16th. I would imagine that an available date this month should be worked out with Mr. McCreless and his counsel on this subject.

As for the afternoon of the 16th for a deposition in our TAA v ACM, ACMC removed lawsuit, I am not available to set it then but do have other dates in the rest of February and early March to set a requested deposition. I will ask Mr. McCreless about availability to do the same and get back to you asap. I would also ask you to look over your duces tecum as it is quite redundant of the years of discovery we have completed and revise to seek any new categories of documents you wish to request.

Thank you for your agreement to reasonably accommodate scheduling issues.

Sincerely,

G. Michael Stewart

GMS/dsn
cc:   J. Marshall Miller *__Via Facsimile (915) 760-5337__*
Randall Rouse *__Via Facsimile (432) 683-2587__*

D 1491759 v1-23185/0004 CORR

---

**EXHIBIT**

tabbies® "2"



A Professional Corporation

Attorneys and Counselors

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax
GodwinRonquillo.com

# FAX

| From: | Client Matter: | Pages (includes cover): | Date: |
|---|---|---|---|
| Debbie S. Jones | 23185.0004 | 02 | Tuesday, February 03, 200 |

| To: | Company: | Phone: | Fax: |
|---|---|---|---|
| Corey Haugland | | | 9155416440 |

**Comments:**

**If you do not receive all materials being transmitted, please call**

This facsimile message is privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication in error is strictly prohibited. Please immediately notify us by telephone, and return the original message to us at the address above via the U.S. postal service.



A Professional Corporation

G. MICHAEL STEWART
DIRECT DIAL:     214.939.4465
DIRECT FAX:     214.527.3195
MSTEWART@GODWINRONQUILLO.COM

Attorneys and Counselors

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

February 4, 2009

*Via Facsimile (915) 541-6440*
Corey Haugland
James & Haugland, P.C.
609 Montana Avenue
El Paso, Texas 79902

> Re:     ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas,
> Midland/Odessa Division
> Texas Architectural Aggregate, Inc. v. ACM-Texas, LLC, Applied Chemical Magnesias
> Corporation and Mr. and Mrs. Robert A. McCreless, Adversary Number 08-07012-RBK

Dear Corey

I do not find Plaintiffs to have repled their cause of action. Please fax to me any amended pleading filed along with its filing date at your earliest convenience. Additionally, I need to confirm your agreement that the Notice of Deposition in this matter is being withdrawn subject to my agreement that testimony in the 2004 Bankruptcy deposition can be used in our proceeding subject to standard trial evidentiary rulings of the Court regarding the appropriateness of particular questions. Please confirm this agreement at your earliest convenience.

Thank you

Sincerely,

G. Michael Stewart

GMS/dsn
cc:     J. Marshall Miller *Via Facsimile (915) 760-5337*
Randall Rouse *Via Facsimile (432) 683-2587*

D 1491821 v1-23185/0004 CORR

EXHIBIT

"3"



A Professional Corporation

Attorneys and Counselors

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax
GodwinRonquillo.com

# FAX

| From: | Client Matter: | Pages (includes cover): | Date: |
|---|---|---|---|
| Debbie S. Jones | 23185.0004 | 02 | Wednesday, February 04, |

| To: | Company: | Phone: | Fax: |
|---|---|---|---|
| Corey Haugland | | | 9155416440 |

**Comments:**

**If you do not receive all materials being transmitted, please call**

This facsimile message is privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication in error is strictly prohibited. Please immediately notify us by telephone, and return the original message to us at the address above via the U.S. postal service.

# JAMES & HAUGLAND, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

WILEY F JAMES III
COREY W HAUGLAND
JAMIE T WALL

609 MONTANA AVENUE
EL PASO, TEXAS 79902
—
MAILING ADDRESS:
P.O. BOX 1770
EL PASO, TEXAS 79949-1770
—
(915) 532-3911
—
FACSIMILE (915) 541-6440

February 6, 2009

G. Michael Stewart
Godwin Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

**VIA FAX #(214) 760-7332**

RE:  ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas –
Midland/Odessa Division

Texas Architectural Aggregate, Inc. v. ACM-Texas, LLC, Applied Chemical Magnesias
Corporation and Mr. and Mrs. Robert A. McCreless; Adversary Number 08-07012-RBK

Dear Mr. Stewart:

With regard to your February 4, 2009 correspondence, I needed to provide same to Sam
McDaniel and Kit Bramblett for review, before I could respond. In the future, please keep in mind
that Sam McDaniel is lead counsel for Texas Architectural Aggregate, Inc. in the adversary
proceeding. I am lead counsel for Texas Architectural Aggregate, Inc. in the Chapter 7 bankruptcy
of ACM-Texas, LLC. Any correspondence sent to me about the adversary needs to be copied to both
Sam McDaniel and Kit Bramblett.

I do not agree that your February 4, 2009 letter sets forth an agreement which we have
concerning the Notice of Deposition issued in the adversary proceeding. Since you have filed a
Motion to Quash, the issues raised by same will be addressed by Sam McDaniel in a response which
he will file in conformity with the Rules governing the adversary proceeding. Until the Motion to
Quash is resolved, and based upon our telephonic communications, I understand that the deposition
scheduled in the adversary proceeding for February 16, 2009 at 1:00 p.m. will not be going forward
at that time.

Based upon other statements which you have made in the status hearings in the adversary and
in written communications sent to Judge King and to Judge Junell, I understand that you are not
entering an appearance in the Chapter 7 bankruptcy on behalf of ACM-Texas, LLC. You indicated
that Mr. McCreless has been talking to bankruptcy counsel in Ft. Worth about taking on that
representation. Mr. McCreless has been directly previously by Judge King to retain counsel for the
company in the Chapter 7.



EXHIBIT

"4"

February 6, 2009
Page 2

  The 2004 Examination is still scheduled for February 16, 2009 at 9:00 a.m., with document production to take place at 8:00 a.m. that same day.  The First Meeting of Creditors in the Chapter 7 bankruptcy is still scheduled to take place on February 17, 2009 at 10:00 a.m.

  If the foregoing needs clarification, please do not hesitate to contact me.

       Very truly yours,

       JAMES & HAUGLAND, P.C.

       By:_____
         Corey W. Haugland

CWH/jb

cc: Samuel McDaniel, Via E-Mail
  C.R. Kit Bramblett, Via E-Mail
  Randy Rouse, Via E-Mail

Confirmation Report—Memory Send

Time       : 02-06-09   05:20pm
Tel line 1 : +
Tel line 2 :
Name       : JAMES & HAUGLAND,P.C.

| | | |
|---|---|---|
| Job number | : | 326 |
| Date | : | 02-06  05:19pm |
| To | : | 12147607332 |
| Document Pages | : | 02 |
| Start time | : | 02-06  05:19pm |
| End time | : | 02-06  05:20pm |
| Pages sent | : | 02 |
| Job number | : 326 | *** SEND SUCCESSFUL *** |

JAMES & HAUGLAND, P C
ATTORNEYS AND COUNSELORS AT LAW

WILEY F. JAMES III
COREY W. HAUGLAND
JAMES J. WALL

609 MONTANA AVENUE
EL PASO  TEXAS 79902

MAILING ADDRESS
P. O. BOX 1770
EL PASO, TEXAS 79949-1770

(915) 532-3911
FACSIMILE (915) 541-6440

February 6, 2009

G  Michael Stewart
Godwin Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

VIA FAX #(214) 760-7332

RE:    ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas —
Midland/Odessa Division

Texas Architectural Aggregate, Inc. v  ACM-Texas, LLC, Applied Chemical Magnesias
Corporation and Mr. and Mrs. Robert A. McCreless, Adversary Number 08-07012-RBK

Dear Mr. Stewart,

With regard to your February 4, 2009 correspondence, I needed to provide same to Sam
McDaniel and Kit Bramblett for review, before I could respond. In the future, please keep in mind
that Sam McDaniel is lead counsel for Texas Architectural Aggregate, Inc. in the adversary
proceeding. I am lead counsel for Texas Architectural Aggregate, Inc. in the Chapter 7 bankruptcy
of ACM-Texas, L.L.C. Any correspondence sent to me about the adversary needs to be copied to both
Sam McDaniel and Kit Bramblett.

I do not agree that your February 4, 2009 letter sets forth an agreement which we have
concerning the Notice of Deposition issued in the adversary proceeding. Since you have filed a
Motion to Quash, the issues raised by same will be addressed by Sam McDaniel in a response which
he will file in conformity with the Rules governing the adversary proceeding. Until the Motion to
Quash is resolved, and based upon our telephonic communications, I understand that the deposition
scheduled in the adversary proceeding for February 16, 2009 at 1:00 p.m. will not be going forward
at that time.

Based upon other statements which you have made in the status hearings in the adversary and
in written communications sent to Judge King and to Judge Junell, I understand that you are not
entering an appearance in the Chapter 7 bankruptcy on behalf of ACM-Texas, LLC. You indicated
that Mr. McCreless has been talking to bankruptcy counsel in Ft. Worth about taking on that
representation  Mr. McCreless has been directly previously by Judge King to retain counsel for the
company in the Chapter 7.

February 10, 2009

Mr. Corey Haugland

James & Haugland, P.C.

609 Montana Ave

El Paso, Texas 79902

Re:    Deposition Unavailability

Case #08-07012-RBK

Mr. Haugland:

A Notice of Deposition as a Corporate Representative of ACM-Texas, LLC has just been received via regular U.S. Mail. I was never contacted previous to this notice to discuss availability and the date of said deposition on February 16, 2009, will not work.

Sincerely,

Robert McCreless

Faxed to 915-541-6440

Original Mailed U.S. Regular Mail

EXHIBIT

tabbies®

"5"

# JAMES & HAUGLAND, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

WILEY F. JAMES III
COREY W. HAUGLAND
JAMIE T. WALL

609 MONTANA AVENUE
EL PASO, TEXAS 79902
—
MAILING ADDRESS:
P.O. BOX 1770
EL PASO, TEXAS 79949-1770

(915) 532-3911
—
FACSIMILE: (915) 541-6440

February 10, 2009

G. Michael Stewart
Godwin Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

**VIA FAX #(214) 760-7332**

RE:    ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas — Midland/Odessa Division

Texas Architectural Aggregate, Inc. v. ACM-Texas, LLC, Applied Chemical Magnesias Corporation and Mr. and Mrs. Robert A. McCreless; Adversary Number 08-07012-RBK

Dear Mr. Stewart:

Earlier today, I received the attached FAX correspondence from Robert McCreless, who is the principal of ACM-Texas, LLC, and I presume is also an officer and employee of Applied Chemical Magnesias Corporation, your client in the above adversary proceeding (you've indicated in letters and on the record that you are not counsel for ACM-Texas, now that it has filed for bankruptcy).

Since Alvaro Martinez, Jr. has been allowed to withdraw from the bankruptcy as the attorney for ACM-Texas, LLC, I do not have any other attorney available to contact concerning the deposition and/or examination of Mr. McCreless in his capacity as the Chief Executive Officer, Managing Member, of whatever other designation he may have with ACM-Texas, LLC.

I have not previously attempted to contact Robert McCreless about scheduling the 2004 Examination or that of a corporate representative of ACM-Texas, LLC, because I understood him to be represented by you in the above adversary or by Alvaro Martinez, Jr., the original bankruptcy attorney for ACM-Texas, LLC. Clearly, Judge King has allowed Mr. Martinez to withdraw as the attorney for ACM-Texas, LLC. Therefore, I cannot communicate to Mr. McCreless through Mr. Martinez. If it is your contention that you no longer represent ACM-Texas, LLC because of the bankruptcy filing, is it your contention that I need to deal directly with Mr. McCreless in order to schedule the 2004 Examination in the Chapter 7 proceeding of ACM-Texas, LLC?

**EXHIBIT**

tabbies®

"6"

February 10, 2009
Page 2

      If I need to communicate directly with Mr. McCreless, please respond to this letter and confirm that I am authorized to do so in that capacity. Furthermore, please provide me with contact information, including mailing address, physical address, phone number, FAX number, and e-mail address for Robert McCreless. Without such contact information, I am not in a position to "contact" Robert McCreless to discuss the subject. Alternatively, please contact Mr. McCreless and ask him to call me or to provide me with this requested contact information.

      Thank you for your courtesies in this matter.

          Very truly yours,

          JAMES & HAUGLAND, P.C.

          By:_____
             Corey W. Haugland

CWH/jb

cc:    Texas Architectural Aggregate, Inc., Via E-Mail

February 10, 2009

Mr. Corey Haugland

James & Haugland, P.C.

609 Montana Ave

El Paso, Texas 79902


Re:    Deposition Unavailability

       Case #08-07012-RBK


Mr. Haugland:

A Notice of Deposition as a Corporate Representative of ACM-Texas, LLC has just been received via regular U.S. Mail. I was never contacted previous to this notice to discuss availability and the date of said deposition on February 16, 2009, will not work.


Sincerely,

Robert McCreless


Faxed to 915-541-6440

Original Mailed U.S. Regular Mail

Confirmation Report—Memory Send

```
Time       : 02-10-09  08:34pm
Tel line 1 : +
Tel line 2 :
Name       : JAMES & HAUGLAND,P.C.
```

| | | |
|---|---|---|
| Job number | : | 347 |
| Date | : | 02-10  08:33pm |
| To | : | 12147607332 |
| Document Pages | : | 03 |
| Start time | : | 02-10  08:33pm |
| End time | : | 02-10  08:34pm |
| Pages sent | : | 03 |
| Job number | : 347 | *** SEND SUCCESSFUL *** |

## JAMES & HAUGLAND, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

WILEY F. JAMES III
COREY W. HAUGLAND
JAMIE T. WALL

609 MONTANA AVENUE
EL PASO, TEXAS 79902

MAILING ADDRESS
P.O. BOX 1770
EL PASO, TEXAS 79949-1770

(915) 532-3911

FACSIMILE (915) 541-6440

February 10, 2009

G. Michael Stewart                                    VIA FAX #(214) 760-7332
Godwin Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270

RE:    ACM-Texas, LLC; Bankruptcy Number 08-70200; in the Western District of Texas —
       Midland/Odessa Division

       Texas Architectural Aggregate, Inc. v. ACM-Texas, LLC, Applied Chemical Magnesias
       Corporation and Mr. and Mrs. Robert A. McCreless; Adversary Number 08-07012-RBK

Dear Mr. Stewart:

       Earlier today, I received the attached FAX correspondence from Robert McCreless, who is
the principal of ACM-Texas, LLC, and I presume is also an officer and employee of Applied
Chemical Magnesias Corporation, your client in the above adversary proceeding (you've indicated
in letters and on the record that you are not counsel for ACM-Texas, now that it has filed for
bankruptcy).

       Since Alvaro Martinez, Jr. has been allowed to withdraw from the bankruptcy as the attorney
for ACM-Texas, LLC, I do not have any other attorney available to contact concerning the deposition
and/or examination of Mr. McCreless in his capacity as the Chief Executive Officer, Managing
Member, of whatever other designation he may have with ACM-Texas, LLC.

       I have not previously attempted to contact Robert McCreless about scheduling the 2004
Examination or that of a corporate representative of ACM-Texas, LLC, because I understood him
to be represented by you in the above adversary or by Alvaro Martinez, Jr., the original bankruptcy
attorney for ACM-Texas, LLC. Clearly, Judge King has allowed Mr. Martinez to withdraw as the
attorney for ACM-Texas, LLC. Therefore, I cannot communicate to Mr. McCreless through Mr.
Martinez. If it is your contention that you no longer represent ACM-Texas, LLC because of the
bankruptcy filing, is it your contention that I need to deal directly with Mr. McCreless in order to
schedule the 2004 Examination in the Chapter 7 proceeding of ACM-Texas, LLC?