IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED FEB 17 2009 U.S. BANKRUPTCY COURT BY_____ DEPUTY

| | | |
|---|---|---|
| IN RE: | § § | |
| ACM-Texas, Inc. | § | Case No. 08-70200-RBK |
| Debtor, | § | Chapter 11 |
| | § § § | |
| TEXAS ARCHITECTURAL AGGREGATE, INC., Plaintiff | § | |
| | § § | |
| v. | § § | Adversary No. 08-07012-RBK |
| ACM-TEXAS, LLC and APPLIED CHEMICAL MAGNESIAS CORPORATION Defendant. | § § § § § | |

## DEFENDANT ACM-TEXAS, LLC'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE CRAIG C. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

Defendant ACM-Texas, LLC, files its First Amended Original Answer to Plaintiff's Amended Notice of Removal.

### A. Admissions and Denials

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegation in paragraph 2.

3. Defendant admits the allegation in paragraph 3.

4. Defendant admits the allegation that a letter was negotiated and executed by TAA and Applied Chemical Magnesias Corp regarding operation of certain mineral deposits in paragraph 4. Defendant deny the remainder of paragraph 4.

5. Defendant admits the allegation in paragraph 5.

6. Defendant admits the allegation in paragraph 6.

7. Defendant admits the allegation in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegation in paragraph 9 that this Court has jurisdiction. Defendant deny the allegation in paragraph 9 that removal is proper.

10. Defendant is without knowledge or information sufficient to form a belief about the truth of paragraph 10.

11. Defendant further states that the individuals identified as "Mr. and Mrs. Robert A. McCreless" in the style of this case are not parties to the removed proceeding, have not been served with process, and therefore make no statement as to whether the removed proceeding is core or non-core. Prior to the removal of the proceeding from the District Court of Culberson County, Plaintiff Texas Architectural Aggregate, Inc., had attempted to add Mr. and Mrs. Robert A. McCreless as Defendant. The District Court of Culberson County denied that request and Mr. and Mrs. Robert A. McCreless were never parties to that proceeding. Mr. and Mrs. Robert A. McCreless are not part of the proceeding which has been removed to the Bankruptcy Court. Defendant requests that the Plaintiff be ordered to amend its Notice of Removal and delete any reference to Mr. and Mrs. Robert A. McCreless as Defendant.

### B. Counter Claims

1. TAA owns three tracts of land in Marble Canyon (located approximately 30 miles north of Van Horn in Culberson County, Texas), including a 175-acre lease from the State of Texas and a 40-acre tract of land. The parties first entered into the April 2, 1999 agreement that provided ACM with the exclusive rights to mine minerals and similar materials, including brucitic marble. At all material times during the parties negotiations, TAA knew it could not perform material portions of the agreements, to wit: providing

exclusive rights to ACM to mine the minerals and similar materials. Nevertheless, TAA engaged in a pattern of fraudulent misrepresentations, inducements and/or omissions that were reasonably calculated to induce Defendants, individually or collectively, to enter into the agreements and bind them to perform under the terms of the agreements. TAA's fraudulent misrepresentations, inducements and/or omissions did cause Defendants to rely on TAA's representations, inducements and/or omissions to Defendants' material detriment. Next, ACM and TAA entered into a lease, the Mine Mill Site Lease, that provided ACM certain property rights that included but were not limited to right of access to certain properties in the Marble Canyon. Through the Parties' agreements, taken individually or collectively, ACM was authorized to engage in mining operations on the property. Sometime after ACM began mining and milling operations, a dispute arose as to the validity of the Agreement. Beginning in approximately 2004, TAA has repeatedly taken actions that have interfered with ACM's mineral/property rights and/or access to the leased property. During the time ACM and TAA have concurrently operated at Marble Canyon, TAA has taken ACM's property, brucitic marble stockpiles, without permission or just compensation.

2. On April 3, 2006, this Court conducted a hearing on whether a temporary injunction should extend the temporary restraining order. During that hearing, Mr. Joe Williams, Jr., TAA's president, testified he would be "tickled" to prevent ACM from shooting, milling and pulverizing rock at the Property. TAA also called one Andrew Speyrer as a witness supporting its Petition for Temporary Injunction. Although Mr. Speyrer's connection to TAA was not clear at that time, facts obtained since the April 3 hearing establish that TAA and Speyrer have conspired to destroy ACM's business operations at the Property permanently.

3. On or about June 4, 2006, Mr. Speyrer was arrested at ACM's Packhouse in downtown Van Horn. The police investigation revealed that Mr. Speyrer had broken and entered into ACM's offices and rifled through its business records to obtain sensitive trade secrets. The investigation showed that Mr. Speyrer had soaked the interior of the building with a flammable substance and was in the process of rigging an ignition source when he was unexpectedly interrupted by Abel Becerra, Jr., ACM's foreman's son. Upon this surprise discovery, Mr. Speyrer did what every guilty person knows to do—he ran and hid. Mr. Becerra called the police who easily found Mr. Speyrer trying to escape to a motel across the street from the Packhouse.

4. To gain a full understanding of the conspiracy, the Court should consider the events that transpired in the week prior to the attempted arson. During the week before his arrest, Mr. Speyrer stole his former wife's car, drove it to Austin, and set fire to it there. As is clear from the pleadings on file in this case, Mr. Sam McDaniel, TAA's attorney lives and works in Austin. This would seem to be an innocuous fact but for the discovery of the contents in what remained of Mr. Speyrer's ex-wife's car: Mr. McDaniel's business card along with a business proposal submitted by Mr. Speyrer to TAA through Mr. McDaniel. The business plan, though crude, appears to propose that Mr. Speyrer market the disputed brucitic marble mined at the Property as a pest control. Moreover, the Austin hotel's phone log revealed multiple calls from Speyrer's room to Mr. McDaniel's cell phone, some of them lasting as long as 13 minutes.

5. Thereafter, Mr. Speyrer fled Austin only to turn up in Burnet, Texas. Burnet is the hometown of TAA's president, Mr. Joe Williams, Jr. and TAA has a granite operation outside of the town. ACM has learned that Mr. Speyrer stayed at the Williams residence and/or property during his stay in Burnet. Mr. Speyrer stayed with the Williams on June

2 and 3, 2006. He left Burnet on June 3 and drove to Van Horn. The police investigation revealed that at the time of the attempted arson, Mr. Speyrer was in possession of a pickup truck registered in Burnet, Texas. The following day, Mr. Speyrer put the illegal scheme into action: he broke into Defendants' Van Horn offices, removed proprietary business information and was in the process of committing arson to destroy Defendants' building and property when he was caught and arrested. At his arraignment hearing, Mr. Speyrer stated that he would do it again if given the chance. Upon this statement, the court set bond on various criminal counts at $106,000.00.

### Breach of the April 2, 1999 Contract

6. TAA and ACMC entered into a contract on April 2, 1999 wherein TAA granted ACMC an exclusive mineral lease of brucitic marble and the construction of a brucitic marble separation/milling facility in Marble Canyon. ACM-Texas, LLC is ACMC's subsidiary and assumed mining and milling operations at the Marble Canyon in 2001. TAA materially breached the April 2, 1999 contract by repeatedly and materially interfering with ACM's mineral rights to the brucitic marble vis-à-vis taking steps to interfere and/or prohibit ACM from fully utilizing its mineral rights. TAA also materially breached this contract by failing to provide ACM with recordable leases of mineral and surface rights in the Marble Canyon. TAA's material breach has caused (and continues to cause) ACM to incur substantial monetary damages.

7. In addition to the monetary damages arising from TAA's material breaches of the April 2, 1999 contract, ACM is entitled to (and now seeks to compel) TAA's specific performance in accordance with the contract, including but not limited to production of the recordable leases reflecting the mineral and surface rights conveyed to Defendant(s).

### Breach of the Mine Mill Site Lease

8. TAA has also materially breached the Mine Mill Site Lease by repeatedly taking steps to interfere with Defendants' contractually derived property rights to the leased premises. These actions – including but not limited to prohibiting ACM from accessing and using the very property TAA leased to ACM – constitutes a material breach of the Mine Mill Site Lease and has injured Defendants and caused it to incur monetary damages as a result.

### Tortuous Interference with Defendants' Property Rights

9. TAA has repeatedly taken steps to materially and tortuously interfere with Defendants' property rights involving the Mine Mill Site Lease, a twenty-year lease entered by the Parties in 2000. TAA's interference has, to date, already been the subject of one temporary injunction wherein the Court enjoined TAA from the following:

> [P]lacing any barrier on the leased properties to which ACM-Texas, LLC and/or Applied Chemical Magnesias Corporation may have rights to access in accordance with their probable mineral and/or property rights at the Marble Canyon;

10. Since this time, TAA has filed yet another complaint for forcible detainer seeking yet again – after its earlier, identical claims were twice rejected – to wrongfully seize possession of the premises leased to ACM for a 20-year term.

### Wrongful Eviction From Leased Premises

11. TAA and ACM entered into a valid, enforceable lease – the Mine Mill Site Lease – that provided Defendants with access to half of the 40-acre tract in Marble Canyon. Despite this valid lease, TAA has repeatedly taken steps to interfere with Defendants' access and/or use of the property forming the basis of the lease between TAA and Defendants. This includes TAA's actions of filing yet another complaint for forcible detainer seeking

yet again – after its earlier, identical claims were twice rejected – to wrongfully seize possession of the premises leased to ACM for a 20-year term. TAA's actions have served to constructive evict ACM from the leased premises to which ACM has a contractual right of access and use. TAA's actions have not only served to wrongfully evict ACM from the leased premises, they have also caused ACM to incur substantial damages and legal expenses as well as interfere with ACM's ongoing business.

### Fraudulent Misrepresentations and Inducement

12. ACM incorporates by reference the facts set forth herein. By and through TAA's acts or deliberate omissions, TAA fraudulently induced ACM to enter into the agreements. Specifically, by and through the express statements or representations by TAA, TAA materially misrepresented its ability and/or intentions to cause recordable leases of mineral and surface rights to be delivered to ACM as required and (purportedly) agreed in the April 2, 1999 agreement. Each of TAA's representations were material and false and TAA knew they were false. In the alternative, TAA made the representations recklessly as a positive assertion without the knowledge of its truth. TAA made the material and false misrepresentations with the intention that ACM rely and act upon such representations. As evidenced by the April 2, 1999 agreement, ACM did in fact rely on the representations, and its reliance was reasonable and proximately caused ACM significant damages as well as potential exposure to additional damages from the numerous clients.

### Fraud by Non-Disclosure

13. ACM incorporates by reference the facts set forth herein. TAA concealed from and failed to disclose material facts to ACM regarding TAA's inability or lack of intent to cause recordable leases of mineral and surface rights to be delivered to ACM. TAA had

a duty to ACM that required TAA's truthful disclosure of such facts to ACM. TAA knew ACM was ignorant of such facts as TAA purposefully misled and expressly misrepresented their intent and/or ability to convey such recordable leases. ACM did not have an equal opportunity to discover the true facts as TAA failed to disclose the information and/or materials and took affirmative steps to conceal the information and related materials.

14. By failing to disclose this information, TAA intended to induce ACM to enter into the April 2, 1999 letter agreement as well as the Mine Mill Site Lease. ACM reasonably relied on TAA's nondisclosure and was injured as a result of acting without the knowledge of such undisclosed facts.

### Detrimental Reliance / Promissory Estoppel

15. In reliance of TAA's clear and unambiguous promise(s) contained in the April 2, 1999 contract and Mine Mill Site Lease as well as TAA's initial actions in conformity with these agreements with ACM, ACM took reasonable and foreseeable steps consistent with and/or in furtherance of the agreements. These reasonable and foreseeable steps included, but were not limited to, the following: (1) the development, construction and operation of the mill at Marble Canyon at an initial (construction) cost of $1.2 million; (2) hired and employed personnel to mine and mill at Marble Canyon; (3) entered into business agreements and contracts with customers to supply products available only from the brucitic marble mined in the Marble Canyon; and, (4) undertook efforts to raise capital funds to develop and cultivate business relationships with new and existing customers through active marketing steps at great expense to Defendants. As a result of Defendants' reliance upon TAA's clear and unambiguous promise(s), Defendants have suffered recoverable injuries to which it is entitled to be compensated.

## Trespass / Misappropriation of Business Information

16. In addition to TAA's material breaches of its contracts with ACM (supra), TAA – by and through its personnel and/or persons acting on its behalf – has trespassed onto ACM's property in June 2006 in an attempt to misappropriate ACM's proprietary and/or confidential business information. Trespass to real property occurs when a person enters another's land without consent. See Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 833 (Tex.App.—Dallas 2000). To recover damages for trespass to real property, a plaintiff must prove:

    a. Defendants owns or has a lawful right to possess real property;

    b. TAA entered Defendants' land and the entry was physical, intentional, and voluntary; and,

    c. TAA's trespass caused injury to the Defendants.

17. See generally Stone Res., Inc. v. Barnett, 661 S.W.2d 148, 151 (Tex.App. —Houston [1st Dist.] 1983, no writ); see also Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 827 (Tex.1997). ACM owns and has a lawful right to possess the real property (hereinafter referred to as the Packhouse) onto which TAA, by and through its personnel and/or persons acting on its behalf, trespassed. TAA's entry onto Defendants' property was intentional, voluntary and physical: to wit, the person broke into the building, removed certain proprietary materials and information without permission and was apparently preparing to burn the property down in an attempt to hide the illegal entry. TAA's trespass caused injury and actual damages to Defendants, to which they are entitled to recover in this lawsuit.

## Theft

18. After breaking into and entering ACM's Packhouse office, Mr. Speyrer – acting on behalf of or at the behest of TAA or persons acting on its behalf –examined and/or removed ACM's business records. These records contained information unknown to persons outside of ACM and certainly which was not known to TAA. Defendants have gone to great lengths to prevent the disclosure of the information to include entering into extensive confidentiality agreements with third persons. The information was invaluable to ACM and TAA stood to profit greatly by obtaining the information. ACM expended large sums of time and money in developing the information and it would be difficult, if not impossible, for TAA to duplicate the information independently. Mr. Speyrer went to great lengths to steal this information and provide it to TAA.

## Trespass by TAA onto Defendants' Property

19. Defendants have previously asserted (and continue to assert) a claim against TAA for Trespass. To recover damages for trespass to real property, ACM must prove: (1) the plaintiff owns or has a lawful right to possess real property; (2) the defendant entered the plaintiffs land and the entry was physical, intentional, and voluntary; and, (3) the trespass caused injury to the plaintiff. ACM had the lawful right to possess the property into which Mr. Speyrer, acting as an agent on behalf of TAA, broke into and entered. As TAA's agent, Mr. Speyrer intentionally and voluntarily broke into and entered the property causing extensive damage to the property.

## Theft of Defendant's Mineral Property

20. During the time ACM and TAA have concurrently operated at Marble Canyon, TAA has taken ACM's property, brucitic marble stockpiles belonging to ACM, without permission or just compensation. TAA's wrongful exercise of dominion or control over Defendants'

property caused TAA to suffer economic damages, to wit, the lost value to ACM of the converted marble.

### C. DEFENDANTS ARE ENTITLED TO SPECIFIC PERFORMANCE

21. Defendants are entitled to specific performance from Plaintiff, including compliance with the material terms of the April 1999 letter agreement between the parties calling for the conveyance of recordable mineral rights/interests as well as unfettered operation of Defendants' mining/milling plant on the leased property. Defendants are also entitled to compel TAA's specific performance under the Mine Mill Site Lease.

### D. CREDIT AND/OR OFFSET

22. Defendants are entitled to a credit and/or offset of Plaintiff's alleged damages, if any, for the fair market value of the materials belonging to ACM-Texas, LLC used by Texas Architectural Aggregate and/or on its behalf. Defendants are also entitled to a credit and/or offset of Plaintiff's alleged damages, if any, in an amount equal the amount of Defendants' damages that were proximately caused by TAA and/or others acting on its behalf or behest.

### E. SUPPLEMENTAL REQUEST FOR INJUNCTIVE RELIEF

23. TAA owns a lease from the State of Texas of land in Culberson County, Texas where Marble Canyon is located ("the Property"). Defendants and TAA entered into an agreement whereby ACM leased part of the Property to operate a mill ("the Mine Mill Site Lease") and whereby ACM was authorized to engage in mining operations on the Property through a binding Letter of Agreement signed and executed by both Parties. Sometime after ACM began mining and milling operations, a dispute arose as to the validity of the Agreement eventually resulting in TAA filing suit in San Saba, Texas.

24. Defendants have previously sought and obtained injunctive relief enjoining TAA, by and through its agents, from taking actions that have interfered with Defendants' mineral/property rights and/or access to the leased property vis-à-vis placing any barrier on the leased properties to which ACM-Texas, LLC and/or Applied Chemical Magnesias Corporation may have rights to access in accordance with their probable mineral and/or property rights at the Marble Canyon (*see* Court's most-recent injunction following August 6, 2007 hearing).

25. Unfortunately, this did not stop TAA's attempts to interfere and/or interrupt Defendants' mining operations. On or about January 29, 2008, TAA personnel engaged in blasting and/or mining acts that were known to be dangerous and life-threatening to Defendants' employees and property. Specifically, TAA intentionally engaged in mining and/or blasting activities fully aware that such activities would cause rock, marble and/or other debris to be showered on Defendants' property and personnel. These acts caused the debris, some pieces measuring fifty-four cubic inches ($54 \text{ in}^3$) and others the size of softballs, to slam into Defendants' property and equipment. This created numerous holes in the metal roof of Defendants' mill site, which obviously threatened the personnel seeking shelter therein with serious bodily injury and/or death, and also shattered the windshield, made of safety glass, of a piece of mining equipment. TAA's actions are not only methodically destroying Defendants' equipment and buildings, but more importantly they are placing the health, safety and lives of Defendants' personnel at risk. Defendants now files this supplemental request for injunctive relief.

26. Defendants have the right to injunctive relief and therefore have filed this supplemental request for injunctive relief to prevent TAA from acting in such a way to harm

Defendants' employees and/or destroy Defendants' property and equipment. There is no justifiable reason or defense for TAA to ever take steps that subject Defendants' employees to the substantial risk of bodily harm and/or death or otherwise creates the risk of damage to Defendants' property. TAA's actions are immediately and irreparably harming Defendants and creating an unallowable risk of injury to or death of Defendants' employees.

27. An *ex parte* order, should TAA's counsel not attend this hearing, and as such order may be provided without notice to TAA, is necessary because there is not enough time to provide notice, set and have a hearing after briefing, and then issue a Temporary Restraining Order before continuing irreparable injury, loss and/or damage occurs. In the absence of such requested Order, ACM-Texas, LLC will be faced with irreparable injuries because:

    a. TAA's dangerous (and probably illegal) actions will result in subjecting Defendants' personnel to life-threatening injuries;

    b. TAA's dangerous (and probably illegal) actions will result in further damage to Defendants' property and/or equipment; and,

    c. TAA's dangerous actions can reasonably be anticipated to cause irreparable harm to Defendants' business resulting from ceased or impaired operations and/or inability to meet existing and potential clients' business needs.

28. These additional losses are not easily measured by any pecuniary standard. As such, Defendants request that TAA and its officers, agents, servants, employees, parent entities, subsidiaries, attorneys. contractors and/or subcontractors, be enjoined and commanded forthwith to cease, desist and refrain from taking any action, including but not limited to mining and/or blasting activities, that may create dangerous, life-threatening conditions

for any person (including but not limited to Defendants' employees) or risk of harm to Defendants' property and equipment for the duration of said Order.

### F. SUPPLEMENTAL REQUEST FOR DECLARATORY RELIEF

29. ACM also seeks a declaratory judgment against TAA (1) validating the contract and/or agreement between the parties entitling ACM (or persons and/or entities acting on its behalf) to conduct mining operations at Marble Canyon, Texas and (2) validating the 20-year lease, *Mine Mill Site Lease*, between the Parties conveying property rights to ACM to continue operating its mill plant at the Marble Canyon. In conjunction with the agreement and/or contract between the parties, TAA has a duty to provide recordable leases in the mineral interests in Marble Canyon as agreed by the Parties in their contract and/or agreement. TAA further has the duty not to materially interfere with the leasehold interest previously conveyed to ACM under the Mine Mill Site Lease. Thus, Defendants brings this declaratory judgment action to establish their existing rights, status and legal relationship in the mineral, surface and leasehold rights at Marble Canyon first conveyed by TAA through the terms of the agreement and/or contract between the parties. *Bonham State Bank v. Beadle*, 907 S.W.2d 465 S.W.2d, 467 (Tex. 1995). As evidenced by the two lawsuits, the controversy between TAA and ACM is real, substantial and involves a genuine conflict of tangible interests. *Id.; see e.g., Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). For these reasons, too, declaratory judgment is appropriate. *BHP Pet. Co. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1990).

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that the Court render judgment that Plaintiff take nothing; dismiss Plaintiff's suit with prejudice; assess costs against Plaintiff; and award Defendant its taxable court costs. Defendant further asks the

Court to award Defendant all other relief sought the Court deems appropriate, including but not limited to the following:

a. Judgment in Defendants favor and in accordance with the pleadings and/or counterclaims asserted in this matter;

b. Attorneys' fees incurred in connection with TAA's breach(es) of its contract(s) with Defendant(s) pursuant to Tex. Civ. Prac. & Rem. C. §§38.0001, precedent and/or equity involving situations where a party materially breaches a contract;

c. Monetary damages in an amount to be determined by the fact finder for injuries to Defendant(s) proximately caused by TAA's breach(es) of its contract(s) with Defendant(s);

d. Monetary damages in an amount to be determined by the fact finder for injuries to Defendant(s) proximately caused by TAA's wrongful eviction from the leased premises;

e. Monetary damages in an amount to be determined by the fact finder for injuries to Defendants proximately caused by Defendants" detrimental reliance upon TAA's actions and/or promises that were both reasonable and foreseeable;

f. Monetary damages in an amount to be determined by the fact finder for injuries to Defendant(s) proximately caused by TAA's trespass and/or misappropriation of Defendants' proprietary and/or confidential business information;

g. Monetary damages in an amount to be determined by the fact finder for injuries to Defendant(s) proximately caused by the theft of Defendants' property by TAA and/or persons acting on its behalf;

h. Monetary damages in an amount to be determined by the fact finder for injuries to Defendant(s) proximately caused by TAA's tortuous interference;

i. Monetary damages in an amount to be determined by the fact finder for injuries to Defendant(s) proximately caused by TAA's fraudulent misrepresentations, omissions and/or inducements in connection with the agreements entered into by the Parties;

j. Specific performance by TAA under the agreements with Defendants, individually or collectively, as outlined herein, other pleadings on file with the Court and/or as the Court determines Defendants may be legally or equitably entitled;

k. Injunctive relief as outlined herein as well as in all other pleadings seeking injunctive relief and/or as to which may be determined legally and/or equitably entitled by the Court;

l. Declaratory judgment in Defendants' favor that the contract(s) between TAA and Defendants are valid and enforceable such that TAA must convey recordable leases for the mineral and surface rights at Marble Canyon to Defendant(s); and,

m.  For all other legal and/or equitable relief to which Defendants, individually or collectively, may be entitled.

Respectfully submitted,

GODWIN RONQUILLO PC

_____
G. MICHAEL STEWART (LEAD COUNSEL)
State Bar No. 00788471

1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939-4400 - Telephone
(214) 760-7332 - Facsimile

**ATTORNEY FOR DEFENDANT, ACM-TEXAS, LLC**

## CERTIFICATE OF SERVICE

On February 13, 2009, a genuine copy of this document was served on the following:

| Via Fax: 432-570-0060<br>Alvaro Martinez<br>1703 N. Big Spring<br>Midland, TX 79701 | Via Fax: 915-877-7146<br>C.R. "Kit" Bramblett<br>PO Box 221528<br>El Paso, TX 79913-1528 |
|---|---|
| Via Fax: 512-478-3269<br>Samuel D. McDaniel<br>400 W. 15th Street, Suite 710<br>Austin, TX 78701 | Via Fax: 432-683-2587<br>Randall Rouse<br>Lynch, Chappell & Alsup<br>300 North Marienfeld, Suite 700<br>Midland, TX 79701 |
| Via Fax: 210-472-4649<br>James R. Rose, Jr.<br>Trial Attorney<br>Office of US Trustee<br>615 E. Houston, Suite 533<br>San Antonio, TX 78205 | Via CM/RRR<br>ACM-Texas, LLC<br>5231 Abbey Road<br>Fort Collins, CO 80526 |

_____
**GODWIN RONQUILLO PC**