IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ACM-TEXAS, LLC | § | CASE NO. 08-70200-CAG |
| | § | |
| DEBTOR | § | CHAPTER 7 |
| | § | |
| TEXAS ARCHITECTURAL | § | |
| AGGREGATE, INC. | § | |
| | § | |
| V. | § | ADVERSARY NO. 08-7012-CAG |
| | § | |
| ACM-TEXAS LLC AND | § | |
| APPLIED CHEMICAL MAGNESIAS | § | |
| CORPORATION | § | |

**Plaintiff's Memorandum Re Effect Of Grant Of Partial Summary Judgment On The Basis Of Limitations**

**To the Honorable Craig A. Gargotta, United States Bankruptcy Judge:**

**1.** Plaintiff, Texas Architectural Aggregate, Inc. (hereinafter TAA), moved for partial summary judgment contending that the letter dated 2 April 1999 was not enforceable and was not a lease because essential terms were missing and were not reasonably certain and because the letter failed to furnish essential terms of a lease and therefore violated the statute of frauds; and, additionally that an action to enforce the letter by specific performance or otherwise was barred by statute of limitations. This Court asked a question concerning the difference, if any, in granting the motion on limitations as opposed to the other grounds. The undersigned counsel suggested that there might be a difference and the court allowed briefing time to clarify that difference. Further, the Court granted the motion on the limitations ground but indicated it would

1

carry the other grounds forward for trial. This memorandum briefly addresses the effect of the summary judgment granted on the Defendants' counterclaim, and how its grant may be different from a grant of judgment on the contentions that the letter is inadequate to be enforceable as a lease and that it violates the statute of frauds.

2. The grant of partial summary judgment on the limitations ground prevents any action based on the 2 April 1999 letter that seeks affirmative relief, including fraud claims. By its express terms, Tex. Civil Practice & Remedies Code, § 16.004 applies to suits for specific performance of a contract for the conveyance of real property, suits for debt, suits for fraud, and suits for breach of fiduciary duty. The Court has already correctly indicated that a breach of contract action is barred under § 16.004. *See, Morris v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 869 (Tex.App.—San Antonio 1997, no pet.); *Taub v. Houston Pipeline Co.*, 75 S.W.2d 606, 618 (Tex.App.—Texarkana 2002, pet. denied). A breach of contract action is an action for debt. The development of the law regarding what is included in an action for debt in the nature of fraud, deceit, etc. is developed in the following cases: *Williams v. Khalaf*, 802 S.W.2d 651 (Tex.1990); *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287 (Tex.1986); *Gordon v. Rhodes & Daniel*, 116 S.W. 40 (Tex.1909).

3. Assuming that the terms of the 2 April 1999 letter are sufficient to be enforceable and that the statute of frauds is not violated, there is a line of cases that indicates that even though an action is barred, the letter might be used defensively in some situations. For that reason there is a difference in granting a motion for summary judgment that holds the letter is insufficient to create a contract or fails to comply with the statute of frauds, and granting a motion that holds that an action under the letter is barred by

2

limitations. Typical of these cases is *Murphy v. Boyt*, 180 S.W.2d 199, 204 (Tex.Civ.App.—Amarillo 1944, error ref. w.m.) in which the court says:

> In Morris-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313, 314, the Commission of Appeals in an opinion adopted by the Supreme Court, states the law applicable to such a situation as follows: "It is the law of this state that where the subject-matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation of the plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434. *On the other hand, if the subject-matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or in abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply.* Mason v. Peterson, Tex.Com.App., 250 S.W.142" (Italics ours.)

4. Plaintiff believes that the above is a correct summary of applicable law and submits it for consideration by the court. The Court's summary judgment ruling precludes the assertion of any claim or counterclaim based in whole or in part on the 2 April 1999 letter.

Respectfully submitted,

Samuel Downing McDaniel
Texas State Bar No. 13524000
400 W. 15th, Suite 710
Austin, Texas 78701
(512) 478-3200  Fax (512) 478-3269

C. R. Kit Bramblett
Texas State Bar No. 02866700
P.O. Box 221528
El Paso, Texas 79913-1528
(915) 877-4173  Fax (915) 877-7146

Corey W. Haugland
State Bar No. 09234200
James & Haugland, P.C.
P.O. Box 1770

3

El Paso, Texas 79949-1770
(915) 532-3911   Fax (915) 541-6440

Attorneys for TAA

**PROOF OF SERVICE**

A copy of the foregoing pleading has been served upon the following persons: G. Michael Stewart, Godwin Ronquillo, PC, 1201 Elm St., Suite 1700, Dallas, Texas 75270-2041; Mr. R. A. McCreless, P.O. Box 270941, Fort Collins, CO 80527, and, Mr. Randall Rouse, Lynch, Chappell & Alsup, 300 North Marienfeld, Suite 700, Midland, Texas 79701, on April 29, 2009, by certified mail, return receipt requested.