IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § | |
| ACM-Texas, Inc.<br>Debtor, | § § § | Case No. 08-70200-RBK<br>Chapter 11 |
| TEXAS ARCHITECTURAL<br>AGGREGATE, INC.,<br>Plaintiff | § § § § § | |
| v. | § § | |
| ACM-TEXAS, LLC and APPLIED<br>CHEMICAL MAGNESIAS<br>CORPORATION<br>Defendants. | § § § § § § | Adversary No. 08-07012-RBK |

FILED
JUN 15 2009
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

# DEFENDANT ACMC AND ACM-TEXAS, LLC'S PRE-TRIAL STATEMENT

A. <u>Nature of the Dispute</u>

Plaintiff and Defendants remain involved in a mining dispute involving Marble Canyon, located approximately 30 miles north of Van Horn in Culberson County, Texas. The parties were involved in historical negotiations and contract discussions with regard to potential mining rights and responsibilities and eventually entered into several agreements, including the April 2, 1999 Letter Agreement and a Mill Mine Lease. A dispute now remains as to the enforceability of and compliance with these agreements as well as the parties' actions allegedly in or out of compliance with these agreements giving rise to the claims now before this Court.

B. A statement as to jurisdiction, including whether the matter is core or non-core, and if non-core, whether the parties consent to the entry of a final order <u>by the bankruptcy judge.</u>

As to Defendant ACM-Texas, LLC the determination of its potential assets contained within its counter-claims, as well as potential liabilities to Plaintiff TAA would appear to be a

core matter for the Court's determination and allocation; however, Defendant/Counter-Claimant ACMC's potential assets and liabilities contained within this matter are probably non-core proceedings but have been consented to the Court's determination with the Co-Defendant's interest as determined herein for entry of a final order by the bankruptcy judge.

C.	A Summary of the Agreed Facts.

The Parties in various entity forms were involved in prior negotiations and contract discussions involving mining operations and mineral rights in Marble Canyon. An April 2, 1999 Letter Agreement was signed by Plaintiff and Defendant ACMC. Some actions in conformity with this letter agreement were completed while others remain incomplete or in dispute factually. A Mill Mine Lease was also executed between the parties which provided a ground lease location for Defendants to build a processing plant. Defendants did construct and operate a processing plant on the premises.

The Parties worked together in mining operations to some degree between 1999-2003 when in the Spring/Summer of 2003 Plaintiff provided notice that it disputed the enforceability of the April 2, 1999 Letter Agreement as an enforceable contract. The parties had engaged in additional Hard Mineral Mining Agreement terms and negotiations but never signed any additional agreement prior to that time. Plaintiff did accept royalty payments prior to the Spring of 2003 from Defendants.

During the pendency of this suit, the parties continued separate mining operations until approximately the end of 2008. There are disputes involving the stock pile of mineral materials in the canyon, the alleged interference with mining operations and mining access between the parties and alleged damages to contractual relationships, business operations and mining/plant materials.

D.  A Summary of the Agreed Applicable Law.

None identifiable at this time.

E.  A Summary of the Disputed Factual Issues.

There are a significant number of factual issues that remain disputed for the Court to determine in this matter:

1. The sufficiency of terms and thus enforceability of the April 2, 1999 Letter Agreement terms;

2. Compliance with the April 2, 1999 Letter Agreement terms and responsibilities and any potential damages to either party pertaining to the same;

3. The existence of any fraud or fraudulent inducement in the execution of the April 2, 1999 Letter Agreement and any potential damages to either party resulting therefrom;

4. The existence of and enforceability of a Promissory Estoppel Claim against Plaintiffs pertaining to the execution of the April 2, 1999 Letter Agreement in connection with the continuing party actions and Hard Mineral Mining Agreement proposals, along with any potential recoverable damages to Defendants resulting from the same;

5. Whether there was any Trespass by either party and/or conversion/theft of any stock pile mining materials and any damage to either party resulting therefrom;

6. Whether there was any tortious interference with Plaintiff's contractual relationship with GLO or any such interference with Defendants' contractual relationships with it vendors and therefore any potentially recoverable damages to either party resulting therefrom;

7. Whether there was any breach of duty by either party to interfere with the other party's mining operations and/or property on site and any resulting damages therefrom.

F.  A summary of the disputed legal issues. Such summary shall include a discussion of laws involved by specific reference to code provisions, state or federal statutes and/or regulations, applicable rules of procedure and conflict questions, if any. (Copies of regulations must be attached.

Without a ruling on Plaintiff's Motion for Partial Summary Judgment issues on the limitations bar of potentially recoverable damages via Defendants' counter-claims, Defendants do not identify any particular disputed legal issues to brief at this time.

There is a disputed legal issue as to the enforceability of the April 2, 1999 Letter Agreement for which declaratory judgment actions have been filed seeking the Court's determination as a matter of law as to whether or not a contract exists.

G. A list of witnesses who may be called, accompanied by a short and concise statement of their proposed testimony.

Abel Becerra
201 Austin Street
Van Horn, Texas
(432) 283-2323
or
305 A Desert
Van Horn, Texas 79855
or
c/o Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270

**Employee of Defendant and Mine Manager.** This witness is anticipated to have knowledge of Defendants' mining and milling activities at mining site as well as use and processing of materials by Defendant.

Jose Luis Sanchez
c/o Godwin Ronquillo, PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939.4400

**Employee of Defendant and Mill Plant Manager.** This witness is anticipated to have knowledge of Defendants' mining and/or milling activities at mining site as well as use and processing of materials by Defendant.

Apolinar Rey
c/o Godwin Ronquillo, PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939.4400

**Employee of Defendant.** This witness is anticipated to have knowledge of Defendants' mining and/or milling activities at mining site as well as use and processing of materials by Defendant during the time of his employment.

Joe Gutierrez
201 East 6th Street
Van Horn, Texas
(432) 284-0736

Defendant's employees with knowledge of mining and milling activities at mining site as well as use and processing of materials by Defendant. As previously disclosed in supplemental applications for injunctive relief, this witness has knowledge of TAA's actions and/or omissions that have interfered with Defendants' use and enjoyment of the leased premises and/or mineral rights, including but not limited to a blasting-related flyrock incident in January 2008.

Miguel Duran
c/o Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270

Defendant's former employees with knowledge of mining and milling activities at mining site as well as use and processing of materials by Defendant. This witness has knowledge of TAA's actions and/or omissions that have interfered with Defendants' use and enjoyment of the leased premises and/or mineral rights, including but not limited to a blasting-related flyrock incident in January 2008.

Able Fierro
Mr. Sanchez
c/o Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270

This witness has knowledge of TAA's actions and/or omissions that have interfered with Defendants' use and enjoyment of the leased premises and/or mineral rights, including but not limited to a blasting-related flyrock incident in January 2008.

Terry Becerra
305 A Desert
Van Horn, Texas 79855
or
c/o Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270

Defendant's employee responsible for maintaining records of materials mined and/or processed. May also have knowledge of alleged interaction between parties and/or their agents.

Mac McCreless
c/o ACM Corp.
P.O. Box 270941
Fort Collins, Colorado 80527
or
Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939.4400

Employee in charge of research and development for Applied Chemical Magnesias Corp. who has knowledge the Marble Canyon mining and processing operations and capabilities to liberate the components of brucitic marble during the milling process. This witness is anticipated to have knowledge of ACM-Texas, LLC's mining and processing operations, the resulting characteristics and uses of the processed material/ore. He may also have knowledge of the product's developments and ACM-Texas' product applications. He may also have knowledge of the nature, scope, purpose and extent of ACM-Texas, LLC's operations at the mill/mine site located north of Van Horn that forms the basis, in part, of lawsuit as well as knowledge of mining and milling activities at the mine site as well as use and processing of material owned by ACM-Texas. He may also have knowledge of drilling/mining of material done by or on behalf of ACM-Texas as well as the storage of such materials. Also has knowledge regarding storage and retrieval of such materials as well as the alternative "mining" operations by ACM-Texas that have served as a source of materials mined, milled and/or processed by ACM-TEXAS at the site.

Robb A. L. Main
1049 Terrace Drive
Bullhead City, Arizona 86442
(928) 704-4427
or
c/o Godwin Pappas & Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270

Testifying expert and individual with knowledge of Defendant's activities at Mine Site and/or amount of marble belonging to Defendants and/or source of stockpiles.

Robert McCreless
PO Box 270941
Fort Collins, CO 80527
970 203-0005

CEO of Applied Chemical Magnesias Corporation / President of ACM-Texas, LLC and Defendant's representative with knowledge of its mining and processing operations as well as nature and details of relationship with TAA and/or ownership and usage of stockpiled materials. This witness is anticipated to have knowledge of ACM-Texas, LLC's mining and processing operations as well as nature and details of relationship with Texas Architectural Aggregate, Inc. He has knowledge of the nature, scope, purpose and extent of ACM-Texas, LLC's operations at the mill/mine site located north of Van Horn that forms the basis, in part, of lawsuit. This

obviously includes but is not limited to ACM-Texas, LLC's mineral rights, mining rights, and processing rights under the mill mining lease and/or letter agreement between the parties. Also has knowledge of mining and milling activities at the mine site as well as use and processing of material owned by ACM-Texas. Also has knowledge of mining of material done by ACM-Texas as well as additional mining on ACM-Texas' behalf performed by TAA and/or MCO as well as the storage of such materials. Also has knowledge regarding storage and retrieval of such materials as well as the alternative "mining" operations by ACM-Texas that have served as a source of materials mined, milled and/or processed by ACM-TEXAS at the site.

Francisco Castro
c/o Culberson Co. Sheriff's Department
300 La Caverna
Van Horn, Texas 79855
or
PO Box 972
Van Horn, Texas 79855
or
100 A E 10th St
Van Horn, Texas 79855

Culberson County Sheriff's Office with knowledge of parties' criminal complaints.

Oscar Carrillo
c/o Culberson Co. Sheriff's Department
300 La Caverna
Van Horn, Texas 79855

Culberson County Sheriff with knowledge of criminal allegations involving parties as well as activities of Andrew Speyrer and/or other individuals at mining site and/or Defendant's properties as it relates to claims forming basis of this lawsuit. Culberson County Sheriff with knowledge of the allegations asserted by or on behalf of TAA, ACM-Texas and/or their respective personnel. Also has knowledge of his investigations into the matter, including but not limited to allegations of vandalism, stalking, threats and criminal activities of Andrew Speyrer against ACM-Texas's property. Sheriff Carrillo also has knowledge of the apparent relationship between Andrew Speyrer and Samuel Downing McDaniel. May also have knowledge of business proposal created by and/or in the possession of Andrew Speyrer to TAA vis-à-vis Samuel Downing McDaniel.

David Michael Williams
c/o Texas Architectural Aggregate, Inc.
P. O. Box 608
San Saba, Texas 76877-0608
(325) 372-5105
(800) 866-7025
(325) 372-5100 (fax)

Relationship between the parties and Defendant's property rights under lease and additional agreement(s).

Samuel Downing McDaniel
Bankston & Richardson, L.L.P.
400 West 15th Street, Suite 710
Austin Texas 78701
512-499-8855 (phone)
512-499-8886 (fax)

Plaintiff's Attorney and potential knowledge of conspiracy who may have knowledge of Andrew Speyrer's criminal activities on behalf of TAA and/or its agents.

Jacinta Williams
c/o Bilbrough Marble Company (a TAA company or affiliated company)
Texas Architectural Aggregate, Inc.
Bilbrough Marble Division
5409 S. U.S. Highway 281
Burnet, Texas 78611-4527
Tel: (512) 756-2184 or
Toll Free: (800) 777-2196
Fax: (512) 756-2298

Office Manager of Plaintiff and/or subsidiary/affiliated company with knowledge of Plaintiffs' allegations and activities as well as assessment of Defendant's marble usage. An employee (office manager) of Bilbrough Marble Company, a wholly-owned subsidiary and/or division of TAA, offered by TAA to interpret ACM-Texas's shipping records from ACM-Texas' pack house located in Van Horn, Texas regarding the tonnage of material removed by ACM-Texas from the mine/mill site.

Joe Williams, Jr.
c/o Texas Architectural Aggregate, Inc.
P. O. Box 608
San Saba, Texas 76877-0608
(325) 372-5105
(800) 866-7025

Plaintiff's president and general manager with knowledge of Plaintiff's interference in Defendants' rights and property as well as Plaintiff's activities and/or conversations/meetings with Andrew Speyrer. This witness is also expected describe TAA's contentions about source of materials milled and/or processed by ACM-Texas as well as the nature and extent of TAA's operations, its relationship with ACM-Texas, the nature of the dispute as well as the materials mined out of the property subject to the mine mill lease and/or letter agreement between the parties. This witness may also discuss TAA's plans, desires, goals, etc. with respect to servicing markets/clients currently serviced by ACM-Texas. Also has knowledge of (prior) dealings with Andrew Speyrer. Is also expected to address TAA's purported damages and methodology for calculating them.

Manuel Baeza
606 N. Eisenhower Road
Van Horn, Texas 79855
or
c/o Plaintiff's Counsel
P.O. Box 221528
El Paso, Texas 79913-1528
or
c/o Texas Architectural Aggregate, Inc. P. O. Box 608
San Saba, Texas 76877-0608
(325) 372-5105
or
106 N 2nd St
Van Horn, TX
(432) 283-2923

Plaintiff's Employee with knowledge of Plaintiffs' allegations and activities as well as (alleged) interaction between Parties. TAA employee (manager) with knowledge of TAA's mining activities who may also describe TAA's contentions regarding source of materials removed and processed by ACM-Texas. May also discuss source of mined materials used and/or processed by ACM-Texas and volume of materials involved. Also has knowledge of mining of material done by ACM-Texas as well as additional mining on ACM-Texas' behalf performed by TAA and/or MCO as well as the storage of such materials.

Louise Williams
Texas Architectural Aggregate, Inc.
Box 608
San Saba, Texas 76877
or
Hwy 190 East
San Saba, Texas 76887
325 372 5105

Operations of TAA, the material involved, records, charges to ACMC

S. K. Choudhury, P.E.
Lingle Engineers
7001 Westchester Ct., #200
McKinney, TX 75070
(214) 544-9000
or
613 Stonefield Ln
Cedar Hill, TX 75104
(972) 293-3333
or
429 Beard Dr
Cedar Hill, TX 75104-5029

Mine planning and mine operations at Marble Canyon. Former Manager, TAA with knowledge of the materials milled by TAA on behalf of ACM-Texas, LLC as well as the location of the milled materials and ACM-Texas, LLC's ownership of materials placed in the disputed stockpile and subsequently used by ACM-Texas, LLC. May also have knowledge of ACM-Texas' operations as well as interaction between parties during his tenure as mine manager.

William C. Farr
Texas General Land Office
1700 North Congress Avenue
Austin, Texas 78701

Mr. Farr is expected to testify as to his knowledge of state leases, mining operations and royalties between the parties.

Robert McCreless (Expert Capacity)
PO Box 270941
Fort Collins, CO 80527
970 203-0005

Robert McCreless' concurrently-produced report is incorporated herein by reference in its entirety. Mr. McCreless is expected to testify regarding his background, education, training and experience with mining, milling and/or marketing brucitic marble as well as the information and materials he reviewed and/or relied upon for the formation, in whole or part, of his opinions in this case. This witness is also expected to testify about the parties' respective businesses as it relates to the mining, milling and/or marketing of brucitic marble from Marble Canyon and the (potential) value of such brucitic marble given the current and anticipated uses and reserves. This witness may also address industry terms relating to the brucitic marble, including but not limited to purity and/or beneficiation. Mr. McCreless may also testify as to the history and size of the ore deposit, the milling process used by Defendants and markets for such finished product. He may also address the measured reserves, indicated reserves and inferred reserves. This witness is also expected to address the valuation of ACM-Texas, LLC and/or ACMC, the change in valuation based on operations, market conditions, time and interference with access to the brucitic marble caused by TAA's (in)actions. His testimony is also expected to address market evaluations, current markets and probable valuation of business operations. He may also address the net present value of ACM-Texas' and/or ACMC's operations at the Marble Canyon site. He may also address the impact of ACM-Texas' current and/or anticipated market development on this valuation and/or operational income.

This witness is also expected to address any (other) disagreement he may have with the testimony provided by or on behalf of Plaintiff and/or their (expert) witnesses, if any, to the extent such involve his area of testimony. It is also anticipated this witness may testify as to his disagreement with the opinions expressed by Plaintiffs' designated, retained and/or non-retained testifying experts, as they relate to the issues raised in this case. Defendants reserve the right to expand and/or elaborate on this witness' opinions as discovery progresses. Finally, to the extent Plaintiffs raise any new issues at trial not known to the defense and/or this expert at this time, whether by way of cross-examination, expert testimony or otherwise, Defendants anticipate this witness may be called upon to address such issues. Furthermore, this witness may have opinions

on the testimony of Plaintiffs' experts whose depositions have not been taken at this time as well as any additional documentation which may be reviewed.

G. Michael Stewart
Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939-4400

    Mr. Stewart is expected to testify as t reasonable and necessary attorneys' fees.

H.    <u>A numbered list of exhibits upon which the parties intend to rely at trial.</u>

    1.    TAA partial assignment of mineral lease to W&M Mining 1988

    2.    April 16, 1987 Letter Agreement between TAA and W&M

    3.    March 23, 1999 communications and draft Letter Agreement from TAA to ACM

    4.    April 2, 1999 Letter Agreement

    5.    October 12, 1999 Letter Agreement intent to construct mining plant and $5,000.00 check

    6.    TAA/ACM email communications regarding Letter Agreement terms for HMMA 1999-2000

        a.    December 4, 1999 email

        b.    January 5, 2000 email

        c.    February 4, 2000 correspondence

        d.    February 6, 2000 email

        e.    February 7, 2000 correspondence

        f.    February 15, 2000 email

        g.    March 30, 2000 correspondence

    7.    April 19, 2000 TAA cover letter regarding subordination agreement

    8.    Subordination Agreement between TAA and Van Horn State Bank

    9.    February 7, 2000 TAA correspondence regarding GLO office review of Assignment

    10.    Mine Mill Lease of August 21, 2000

    11.    ACMC Plant flow sheet correspondence of January 20, 2000

    12.    Outline of ACM's development efforts at Marble Canyon 1999-April 2000

13. ACMC/TAA correspondence/emails 2001-2003
   a. February 11, 2001 email
   b. February 12, 2001
   c. February 17, 2001 email
   d. March 16, 2001 correspondence
   e. March 23, 2001 correspondence
   f. June 6, 2001 email
   g. March 7, 2002 email
   h. April 6, 2002 email
   i. May 1, 2002 fax correspondence
   j. May 2, 2002 correspondence
   k. June 11, 2002 email
   l. June 14, 2002 email
   m. June 10, 2002 fax correspondence
   n. June 14, 2002 correspondence
   o. June 14, 2002 correspondence
   p. August 31, 2002 correspondence
   q. November 18, 2002 email
   r. November 19, 2002 email
   s. December 10, 2002 email
   t. January 3, 2003 email
   u. January 30, 2003 email
   v. January 28, 2003 email
   w. February 10, 2003 email
   x. February 11, 2003 email
   y. February 14, 2003 email
   z. February 14, 2003 email
   aa. February 17, 2003 email

   bb. March 26, 2003 email

   cc. March 26, 2003 email

   dd. April 16, 2003 email

   ee. April 17, 2003 email

14. TAA Board discussion sheet September 10, 2001
15. January 1, 2002 Stasney Easement Agreement
16. TAA draft Hard Mineral Mining Agreements 2000-2003 (a-e)
17. TAA email notice of August 7, 2003
18. ACMC checks/TAA deposits 1999-2008
19. Photographs of Marble Canyon processing
20. TAA royalty payments May 2000-July 2003
21. TAA royalty payments 2001-2002
22. MSHA Closure Order July 31, 2007
23. ACMC plant damage January 29, 2008
24. Culberson County JP Order of Entry April 2004
25. Culberson County Court at Law TRO December 2005
26. Culberson County District Court Temporary Injunction April 2006
27. Culberson County District Court Temporary Injunction November 2007
28. TAA Mining Lease 86324
29. TAA Mining Lease 103239
30. GLO communications to TAA 2000-2008
31. TAA Annual Reports 2003-2007
32. TAA royalty statement records to GLO 2000-2006
33. TAA invoices for Diablo White Sales 2005
34. TAA royalty documents to GLO 2005
35. TAA price lists for Diablo Light Terrazzo Aggregate 2004-2007
36. Photographs of Marble Canyon September 2007

37. TAA feasibility study of mining and processing Marble Canyon brucitic marble November 1, 1969

38. Evaluation of Marble Canyon brucitic marble deposit June 30, 2002 by Michael McClave

39. Geological evaluation of Applied Chemical Magnesias Corporation brucitic mines by David Wahl

40. Brucitic deposit in Marble Canyon, Culberson County, Texas by Tom Newman and Gretchen Hoffman, New Mexico Bureau of Mines and Mineral Resources Bulletin 154 Geology of Industrial Materials 1996

41. ACM-Texas LLC Business Plan Report – brucitic reserves in Marble Canyon 2005

42. Royalties paid to GLO by ACM LLC Texas 2007-2008

43. Culberson County Sheriff's Office records on Andrew Speyrer

44. Documents produced to TAA by Andrew Speyrer (TAA 6855-7009)

45. TAA document communications with Andrew Speyrer (TAA 40002-4199)

46. Criminal conviction for burglary and attempted arson records on Andrew Speyrer

47. Culberson County Sheriff's Department phone transcript of Andrew Speyrer's jail communications (TAA 4202-4225)

48. Texas State Fire Marshall records on Andrew Speyrer (1-80)

49. Austin Police Department Records on Andrew Speyrer


I. <u>An estimate of the length of time required to hear the complete trial on the merits.</u>

Defendants estimate that this matter will take approximately one week to complete a trial on the merits.

J. A certificate that a conference of counsel has been held regarding settlement, <u>stipulations of agreed facts, and simplification of the issues.</u>

I certify that communications and conference have been held with Plaintiff's counsel regarding settlement, stipulation of agreed facts and simplification of the issues including the admissibility of exhibits and witness testimony.

Respectfully submitted,

**GODWIN RONQUILLO PC**

By: /s/ G. Michael Stewart

**G. MICHAEL STEWART**
State Bar No. 00788471
**JENNIFER M. OWENS**
State Bar No. 50511938

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2084
(214) 939-4400
(214) 760-7332 - facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On the 12th day of June, 2009, a true and correct copy of the foregoing was served on all known counsel of record as follows:

cc:

| | |
|---|---|
| Via Fax: 915-541-6440<br>Corey Haugland<br>James & Haugland<br>PO Box 1770<br>El Paso, TX 79949 | Via Fax: 915-877-7146<br>C.R. "Kit" Bramblett<br>PO Box 221528<br>El Paso, TX 79913-1528 |
| Via 512-499-8886<br>Samuel D. McDaniel<br>400 W. 15th Street, Suite 710<br>Austin, TX 78701 | Via Fax: 432-683-2587<br>Randall Rouse<br>Lynch, Chappell & Alsup<br>300 North Marienfeld, Suite 700<br>Midland, TX 79701 |
| Via 210-4724649<br>James R. Rose, Jr., Trial Attorney<br>Office of US Trustee<br>615 E. Houston, Suite 533<br>San Antonio, TX 78205 | Via Fax: 915760-3557<br>J. Marshall Miller<br>2731 A1 Montana Avenue<br>El Paso, Texas 79903 |

/s/ G. Michael Stewart

**GODWIN RONQUILLO PC**